STACY vs. BENNETT, imp.

*December 12, 1883 — January 8, 1884.*

PLEADING:   *Denial " upon information and belief."*

Except in those special cases in which the defendant is conclusively presumed to have positive knowledge, a denial "upon information and belief" is a compliance with sec. 2655, R. S.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to foreclose a tax-sale certificate, brought by the alleged owner of the certificate against the original owners of the land described therein, of whom the appellant is one. It is stated in the complaint that on January 28, 1879, the land was regularly sold for nonpayment of the taxes assessed against it, and was struck off to one A. J. Harmeyer for $1.32; that thereupon the proper treasurer "executed and delivered to said A. J. Harmeyer a certificate of said sale, in due form of law, of that date, which said certificate has been duly assigned to *said* plaintiff, and was so assigned before the time of the commencement of this action; and that the plaintiff is now the actual holder and lawful owner of said certificate, and has the same in his possession, ready to be produced as the court shall direct."    The answer of appellant contains, among other averments, the following: " This defendant denies, upon information and belief, that said certificate has been duly assigned to said plaintiff, *John C. Stacy.*"    The circuit court, on motion, struck out the

whole answer as sham and frivolous, with costs of motion, and the defendant appeals from the order in that behalf.

For the appellant there was a brief by *E. P. Smith* and *D. G. Rogers*, and oral argument by *Mr. Smith*.

*F. P. Hopkins*, for the respondent.

LYON, J. The averment in the complaint that the tax-sale certificate had been duly assigned to the plaintiff is essential to his cause of action, and is therefore a traversable averment. The appellant traversed it " upon information and belief." The only question necessary to be determined on this appeal is whether a traverse in that form is allowable. Except in those special cases in which the defendant is conclusively presumed to have positive knowledge as to the existence or non-existence of a fact alleged in the complaint, we have no doubt that the defendant may interpose a denial in this form. He may have information which satisfies him how the fact is, and yet he may not have any actual, positive knowledge thereof. In such case he can deny in no other form. He cannot deny positively, because he does not know positively that such a denial would be true. He cannot deny knowledge or information sufficient to form a belief, because he has formed a belief on sufficient information. The only mode in which he can answer truly is to deny upon information and belief. A denial in this form, in a proper case, is a compliance with sec. 2655, R. S., otherwise the provision in sec. 2666, which allows any pleading to be verified by an affidavit that, as to matters therein stated on information and belief, the affiant believes it to be true, would be meaningless and inoperative in respect to the verification of an answer.

The answer in the present case contains a sufficient denial of a material fact alleged in the complaint, and puts the plaintiff to his proof of such fact. Failing to prove it, or

the same being disproved by the defendant, the action fails. Of course such an answer is neither sham nor frivolous.

We do not consider the other portions of the answer.

*By the Court.*— Order reversed.