(58 N. W. Rep. 792.)

---

RUSSELL & CO. *vs.* JOHN AMUNDSON.

Opinion filed June 2nd, 1894.

### Action for Possession of Personal Property—Pleading—Denial Upon Information and Belief.

In an action to recover the possession of an engine, plaintiff claimed title and took possession under a chattel mortgage pleaded, but not set out by copy in the complaint. The engine was described in the complaint as follows: "One 13 horse S. S. S. B. engine, complete, No. 3,784, manufactured by the plaintiff." Defendant answered: "And now comes said defendant, and, for answer to plaintiff s complaint, denies generally and specifically each and every allegation contained in plaintiff's complaint, except that the said engine is now in the possession of this defendant, which said denial is made upon the defendant's best information and belief." *Held*, that the answer is in effect a general denial, and that it puts in issue all material facts averred in the complaint, except that the defendant admitted that he was in the possession of the particulai engine described in the complaint.

### Denial Upon Information and Belief—When Proper.

*Held*, further, that a denial upon information and belief is authorized by the Code in a case where the party making the denial has information inducing a belief that the facts sought to be denied are untrue, but has not absolute knowledge that they are untrue. In such cases a general denial, or a denial of knowledge or information sufficient to form a belief, would be improper.

### Identification of Property by the Evidence.

Plaintiff's evidence tended to show that he had sold a certain engine in May, 1889, to one A., in the State of Wisconsin, and taken notes therefor, secured by a chattel mortgage upon the engine from A. to plaintiff. The mortgage was put in evidence, and it embraced a description of the engine in the precise words in the description set out in the complaint, and above quoted, except that the description in the mortgage omitted the words "No. 3,784." *Held*, that the description as contained in the mortgage, when construed in connection with the description set out in the complaint and the denial in the answer, did not, as a mere matter of legal construction, identify the engine in question as the engine described in the mortgage.

**Failure of Proof—Verdict Directed for Defendant.**

> At the close of the testimony, the trial court instructed the jury to return a verdict for the defendant. *Held,* that the instruction was proper. No testimony being offered to establish the indentity of the engine, and the identity not being made out as a matter of legal construction from the description in the mortgage, considered with reference to the pleadings, there was a total failure on plaintiff's part; *i. e.* a failure to show that his mortgage covered the property in controversy in the action.

Appeal from District Court, Barnes County; *Rose,* J.

Action by Russell & Co., a corporation, against John Amundson. From a judgment for defendant, plaintiff appeals.

Affirmed.

*Frank J. Young,* for appellant.

*G. K. Andrus,* for respondent.

WALLIN, J. This action is for the recovery of the possession of personal property. At the close of the evidence, upon defendant's request, the trial court directed the jury to return a verdict for the defendant. This instruction was excepted to, and is assigned as error in this court. The verdict, as returned, was to the effect that defendant was the owner of the property, and entitled to the possession thereof. The value of the property was not found by the jury. Upon this verdict, as soon as returned, judgment was entered in the alternative, as follows: "In case delivery cannot be had for judgment in the sum of three hundred dollars, the value of the property," etc. This judgment was entered on December 23, 1893. Subsequently, and pursuant to an order of the trial court, said judgment was, on February 9, 1894, modified by leaving out the value of the property. The modified judgment was for the possession and return of the property, with costs of the action, and was therefore in strict conformity to the verdict. It does not appear that any exception was taken either to the entry of the original or modified judgment. Error is not assigned in this court upon the order for the entry of the modified judgment or upon the entry thereof, but error is assigned here upon the entry of the original judgment, now

N. D. R.—8.

vacated.    The entry of the original judgment was irregular, because it did not correspond to the verdict, but it was vacated by the trial court, and no proceeding was ever taken upon it. The error was clearly without prejudice.    The modified judgment is appealed from, and it is the only existing judgment in the action. It omits the value of the property awarded by the verdict to the defendant.    If the defendant does not object to such a judgment, surely the plaintiff cannot be heard to complain.    Plaintiff demurred to defendant's answer generally for insufficiency.    The demurrer was overruled, and the ruling is assigned as error in this court.    For reasons which will appear fully hereafter, we are of the opinion that the demurrer was properly overruled.    The chief contention of the plaintiff arises upon its assignment of error, based upon the exception to the instruction of the trial court directing the jury to find for the defendant.    The entire evidence is incorporated with the record, and has been carefully considered; but, inasmuch as we have reached the conclusion that the instruction complained of is clearly right, we shall have occasion to refer only to that part of the record which bears upon the ruling in question.

Paragraph 2 of the complaint is as follows:   "That the said plaintiff is entitled to the immediate possession of the following described personal property, to-wit:    One 13-horse S. S. S. B. engine, complete, No. 3,784, manufactured by this plaintiff, and sold to one J. H. Arms, in the township of Loyal, County of Clark, and State of Wisconsin, on the 25th day of May, A. D. 1889, which said engine is now in the possession of this defendant." The complaint also sets out, in substance, that plaintiff has a special property in "said engine," by virtue of a chattel mortgage executed and delivered by said J. H. Arms, to the plaintiff on the 25th day of May, 1889, in the township of Loyal, County of Clark, and State of Wisconsin, to secure the payment of certain notes given by said J. H. Arms for the purchase money of said engine; that the mortgage was duly filed in said township of Loyal, and was renewed and kept alive pursuant to the laws of

the State of Wisconsin; that default was made in the payment of said notes; and that, by the terms of the mortgage, the plaintiff had a right to take possession of the property, and foreclose pursuant to law; that defendant unlawfully detained the possession of the engine from the plaintiff, and refused to deliver it to plaintiff upon demand therefor. The demand for judgment was in the usual form. In addition to the qualified general denial hereinafter set out, the defendant pleaded in his answer an affirmative defense, to the effect that he was the owner of the engine, and entitled to the possession thereof, by virtue of his purchase of the engine under a foreclosure proceeding which defendant took against the engine, under a lien filed by defendant, and arising out of certain repairs made upon the engine by defendant as a blacksmith. Much is said in the briefs of counsel touching the validity of the lien proceeding, but, in the view which this court has taken of the case, it will not be necessary to pass upon any question connected with the lien matter. At the time the engine was taken possession of by plaintiff, under the chattel mortgage, the defendant was in the actual and peaceable possession thereof, and was claiming title as owner. The defendant's title would be good, under the circumstances, as against a trespasser; and defendant would clearly be entitled to a verdict awarding the possession to him, as against the plaintiff, if the plaintiff failed at the trial to show by competent testimony that he was entitled to a special property in the engine by virtue of his alleged mortgage thereon. In brief, the plaintiff, by his complaint, assumed the burden of showing at the trial that he had a chattel mortgage upon the identical engine which the plaintiff took of the defendant's possession. In our opinion, there is a signal failure of proof upon the vital point of identity. We think there is no evidence in the case tending to show that the engine taken from the defendant was the same engine sold to J. H. Arms, and by him mortgaged back to the plaintiff. But, to bring out this point clearly, the issues made, by the pleadings must be considered in connection with the evidence. Defendant's qualified

general denial reads: "And now comes said defendant, and, for answer to plaintiff's complaint, denies generally and specifically each and every allegation contained in plaintiff's complaint, except that the said engine is now in the possession of this defendant, which said denial is made upon the defendant's best information and belief." This denial, we think, puts several material allegations of the complaint in issue, including the alleged sale to Arms, the execution and delivery of the mortgage and notes, the renewals of the mortgage, and the plaintiff's right to the possession of the engine. It is obvious, therefore, that the answer is not demurrable for insufficiency. It clearly raises issues which are vital to a determination of the rights of the parties. We think the answer does not contain a "specific denial," within the meaning of the statute. No fact alleged in the complaint is enucleated and denied, and this, we think, is necessary to a statutory, specific denial. But whether the words "generally and specifically" are both eliminated, or left standing in the paragraph of the answer we have quoted, a good general denial of each and every allegation contained in the complaint will remain, with the qualification stated, viz. "except that the said engine is now in the possession of this defendant." An examination of the language of the answer in which the denial is couched discloses that the denial was carefully worded, with a view of putting every material fact alleged in the complaint in issue, except only the bare fact that defendant was in possession of that particular engine which is described in paragraph No. 2 of the complaint, which we have quoted in full, and which contains the only description of the engine which is found in the complaint, and to which alone the answer responds.

Among the averments of the complaint which are put in issue by the denial contained in the answer is the averment that the plaintiff has a special property by virtue of a chattel mortgage pleaded in the complaint in that particular engine, which defendant claims to own, and which was in defendant's possession until seized by the plaintiff under the mortgage. The answer admits

that the engine described in the complaint is in defendant's possession, but denies that the plaintiff had a mortgage upon such engine. There has been some diversity of opinion in the courts upon the point, but the better rule is that a denial made upon "information and belief" is sufficient when made in a certain class of cases. In strictness, it is the only proper form of denial in a case where, with reference to the fact sought to be denied, defendant has certain information which induces him to believe that such facts are untrue, and yet has not absolute knowledge that such facts are untrue. Having information inducing a belief, which falls short of knowledge, defendant cannot truthfully deny the fact absolutely, nor can he truthfully deny that he has neither knowledge nor information sufficient to form a belief as to the fact. Of course, there is a class of cases in which a party is legally presumed, *prima facie*, to possess knowledge; and in such cases a party will not be permitted to deny on his mere information and belief, nor to deny knowledge or information sufficient to form a belief. Bliss, Code Pl. § 326, and note 4; *Stacy* v. *Bennett*, 59 Wis. 234, 18 N. W. 26; *Jones* v. *City of Petaluma*, 36 Cal. 230; *Bennett* v. *Manufacturing Co.*, 110 N. Y. 151, 17 N. E. 669.

At the trial, plaintiff introduced testimony tending to show that it sold an engine of its own manufacture to one Arms, at Loyal, in the State of Wisconsin, in the month of May, 1889; that, to secure the payment of notes for the purchase price, Arms executed and delivered to plaintiff a chattel mortgage upon the engine, which mortgage, by successive renewals, had been kept "alive, and was valid at the time the engine was taken from the defendant." A copy of said mortgage was put in evidence, and the only engine mentioned therein was described as follows: "One 13-horse S. S. S. B. engine, complete, No.——, manufactured by Russell & Co." There was no extrinsic evidence offered in the case tending to show that the engine found in defendant's possession at Barnes County, N. D., was the same engine sold in the State of Wisconsin to Arms, and by him mortgaged to the plaintiff. No witness attempted to testify that he saw the engine

which plaintiff sold to Arms at the time of the sale, or at any time, or that the engine taken out of defendant's possession was and is in fact the same engine which was sold to Arms by the plaintiff. There is not a scintilla of evidence in the record tracing the engine from Wisconsin to this state, or in any way tending to identify the engine sold to Arms with that taken by plaintiff from the defendant. But the claim is strenuously urged that the defendant has admitted by his answer that he was in the possession of the engine sold and mortgaged. We cannot so construe the pleadings. The admission in the answer is that defendant has in his possession a "13-horse S. S. S. B. engine, complete, No. 3,784, manufactured by the plaintiff." The description in the chattel mortgage did not embrace a 13-horse S. S. S. B. engine, which was numbered 3,784. Had the description in the mortgage included the number of the engine found in the defendant's possession, such description would, we think, alone have sufficed to make out a *prima facie* case upon the question of the identity of the engine taken from the defendant with that described in the mortgage. There is no evidence in the record tending to show that the plaintiff never manufactured but one solitary 13-horse power S. S. S. B. engine, and an inference that effect would not only be exceedingly unreasonable, intrinsically, but would be strongly rebutted by the fact that the engine claimed by defendant is numbered 3,784. We think that the description in the mortgage is legally sufficient as as a description, and that, under it, the holder of the mortgage, aided by the description, could have introduced parol evidence to identify the engine in question with that sold to Arms and mortgaged to the plaintiff. *Sargeant* v. *Solberg*, 22 Wis. 127; *Harris* v. *Kennedy*, 48 Wis. 500, 4 N. W. 651; *Bank* v. *Oium*, (N. D.) 54 N. W. 1034.

In the case there was no parol identifying evidence, and hence, at the close of the testimony, the question of identity was not a question of fact to be submitted to the jury, but was, on the contrary, a question of law to be resolved by the court upon a construction of the description in the mortgage, compared with

that in the complaint, when read in connection with the admission in the answer. We think the trial court was clearly right, upon a construction of all the writings, in holding that the plaintiff had failed in establishing the vital fact of the identity of the engine found in defendant's possession with that described in the mortgage. To hold contrariwise would necessarily lead to the absurd conclusion that the mortgage alone, unaided by parol evidence, would (so far as the description is concerned) authorize the holder of the mortgage to seize and retain any 13-horse power S. S. S. B. engine ever manufactured by the plaintiff, regardless of the place where, or the person with whom, such engine is found. Such an interpretation of the law, as applied to the facts contained in this record, would be not less grotesque than unjust. Finding no prejudicial error in the record, the judgment must be affirmed. All concur.