LEWIS, RESPONDENTS, *v.* WEYERHORST, APPELLANT.

[Submitted, May 17, 1895. Decided June 3, 1895.]

PLEADING—*Sufficiency of denial.*—The denial on information and belief of a material fact not presumptively within the knowledge of the pleader, is sufficient to present an issue, under section 89, Code of Civil Procedure, providing that the denial of each allegation controverted must be specific, and be made positively, or according to the information and belief of the defendant.

*Appeal from Second Judicial District, Silver Bow County.*

ACTION on promissory note. Plaintiff's motion for judg-

ment on the pleadings was sustained by McHatton, J. Reversed.

Statement of the case by the justice delivering the opinion.

This is an action on two promissory notes. The complaint alleges that defendant executed and delivered these notes to Robert Grix on the 10th day of June, 1891; that on the 23d day of June, 1893, the said Grix assigned said notes, and all claims thereunder against the defendant, to the plaintiff for value, and that plaintiff is the owner and holder thereof. The answer denies specifically, on information and belief, that said notes were ever assigned by said Grix to the plaintiff, for value or at all. Plaintiff moved the court for judgment on the pleadings. This motion was sustained, and judgment entered against the defendant for the amount of the notes and costs. From this judgment the defendant appeals.

*Oliver M. Hall,* for Appellant.

The denials were sufficient. (*Noonan* v. *Bradley,* 9 Wall 394; *Pinkham* v. *McFarlin,* 5 Cal. 137; *Stern* v. *Martin,* 4 Cal. 227; *White* v. *Brown,* 14 How. Pr. 282, *Russell* v. *Clapp,* 7 Barb. 482; *Maclay* v. *Sands,* 94 U. S. 586.)

*Charles O'Donnell,* for Respondent.

A mere denial in the answer that plaintiff is the owner and holder of the note is irrelevant and sham. (*Cutler* v. *Gunter,* 1 Denio 268; *Seely* v. *Engle,* 17 Barb. 530; *Edson* v. *Dillaye,* 8 How. Pr. 273.) Where the averment of ownership in the complaint is absolute and unequivocal and supported by the oath of positive knowledge, and that in the answer is on information and belief, defendant on a motion to set aside the answer as sham, is bound to support his averment by the oath of a party having knowledge. (*People* v. *McCumber,* 15 How. Pr. 189; *Hance* v. *Rumming,* 2 E. D. Smith, 48 and 49; *Chapin* v. *Palmer,* 12 How. Pr. 37–39; *Corbet* v. *Eno,* 13 Abb. Pr.

65; *Wedderspoon* v. *Rogers*, 32 Cal. 569; *Randolph* v. *Harris*, 28 Cal. 562.)

PEMBERTON, C. J.—The question presented by this appeal is whether the specific denial, on information and belief, contained in the answer, of the assignment of the notes sued on, presented a material issue for trial.

Section 89, Code of Civil Procedure, provides : "If the complaint be verified, the denial of each allegation controverted must be specific, and be made positively, or according to the information and belief of the defendant."

Section 96, Code of Civil Procedure, provides that : "The affidavit of verification shall state that the facts stated in the pleading are true to the knowledge of the person making it, except as to those matters which are therein stated on his information and belief, and as to those matters that he believes it to be true."

In *Maclay* v. *Sands*, 94 U. S. 586, the supreme court, in construing the statutes above referred to, say: "The denial, when made, must be specific, but it is none the less specific because based on information and belief. Provision is made for an issue by a formal denial, where sufficient knowledge or information upon which to base a belief cannot be obtained. This implies that, if the necessary information can be obtained, a statement must be made predicated upon that, and, if it is to be made, we cannot see what harm can result from adding the grounds on which it is based. It is the same for all the purposes of an issue whether the qualification is given or not, and the issue is the material thing to be attained. But section 63 seems to us to be conclusive upon the propriety of the practice. There provision is made for one form of verification if the statement is upon personal knowledge, and another if upon information and belief. Why this, if information and belief in a proper case were not sufficient to justify an averment ? But, unless the pleading shows that the statement is founded upon information, etc., the form of the oath prescribed would be of no avail, because that contemplates a

positive verification in all cases where it does not appear in the body of the pleading that a qualification is intended. In some states, the practice acts require a verification only to the effect that the party believes his statements to be true. In such cases there is no necessity for qualifying the averments in the pleading, because the oath prescribed established all the limitation that is necessary. In Montana, however, the qualification must be made in the pleading. * * * We think, therefore, that the denial upon information and belief was sufficient to present an issue for trial, and that the court erred in deciding otherwise." Section 63, referred to *supra*, is now section 96 of the Code of Civil Procedure. See, also, to the same effect, *Stacy* v. *Bennett*, 59 Wis. 234, 18 N. W. 26; *Meadowcraft* v. *Walsh*, 15 Mont. 544.

To entitle plaintiff to recover in this action it was necessary for him to allege an assignment to him of the notes sued on. If so, it was essential that he prove the assignment, if the answer contained a specific denial thereof.

The assignment of the notes by Grix to the plaintiff was not a matter presumptively within the knowledge of the defendant, and, if not, then the defendant was permitted, under our statutes and the authorities, to deny the same on information and belief, and such denial presented a material issue for trial. We think the court erred in holding otherwise, as it did by rendering judgment on the pleadings.

The judgment is reversed, and the cause remanded for trial.

*Reversed.*

DE WITT and HUNT, JJ., concur.