O. J. SORLIE, Appellant, v. G. A. MANTHEY and Leo Norenberg, Respondents.

(212 N. W. 400.)

**Replevin — plaintiff can recover possession of personal property only on strength of his own title.**

In an action to recover the possession of personal property, on the claim

---

Annotation.—(1) In action in replevin, plaintiff must recover on strength of own title, see 23 R. C. L. 922; 5 R. C. L. Supp. 1252.

of ownership, the plaintiff can recover only on the strength of his own title, and any evidence which tends to disprove ownership is material, and competent for that purpose.

Opinion filed January 26, 1927.   Rehearing denied February 14, 1927.

Replevin, 34 Cyc. p. 1385 n. 51; p. 1386 n. 53; p. 1389 n. 60; p. 1501 n. 11, 12; p. 1507 n. 54.

Appeal from the District Court of Traill County, *Cole, J.*
Affirmed.

*Kaldor & Johnson,* for appellant.

"Formal delivery is not necessary to pass title where the buyer is already in possession."   24 Am. & Eng. Enc. Law, 1049; Lake v. Morris, 30 Conn. 201.

"It is taken for granted that the goods are to be delivered or placed at the buyer's disposal at the place they are when sold."   24 Am. & Eng. Enc. Law, 1069.

*I. A. Acker* and *P. G. Swenson,* for respondents.

If any of the stock died or was lost without any fault or want of care on the part of the defendants they were not liable.   Seevers v. Gabel (Iowa) 62 N. W. 669; Stacy v. Knickerbocker Ice Co. (Wis.) 54 N. W. 1091; Sanford v. Kimball, 106 Mo. 355, 138 Am. St. Rep. 345.

When the landlord has been repaid for what is due him from the tenant, and the tenant has performed his part of the contract, he has no further claim to the title and possession of the tenant's share of the crop.   Aronson v. Oppegard, 16 N. D. 595; Stavens v. National Elevator Co. 36 N. D. 9; Wadsworth v. Owens, 17 N. D. 173.

BURKE, J.   This is an action to recover the possession of certain personal property described in the complaint.   The plaintiff alleges in his complaint, that he is the owner of said property, and entitled to its immediate possession, that the same is wrongfully detained from said plaintiff, by defendants, and that it is of the value of $1,000.   At the time of the issuing of the summons and complaint the plaintiff attached thereto the affidavit and bond required in claim and delivery.

The defendants in their answer deny that the plaintiff is the owner

of said property, and allege that the said property together with other property was rightfully in the possession of the defendants. After the taking of said property in claim and delivery the plaintiff disposed of it by sale.

The case was tried to a jury and the following verdict was returned, "We the jury in the above entitled action find in favor of the defendants and against the plaintiff for a return of the property claimed, or in case a return cannot be had the value thereof in the sum of $853.28." Judgment was duly entered thereon and the plaintiff appeals from the judgment and from an order denying plaintiff's motion for judgment notwithstanding the verdict or for a new trial of said action.

It is the contention of the plaintiff, that he purchased from the defendants, and paid for the said property by crediting the said defendants, on an account for an indebtedness which they owed him. In support of this claim he offered evidence tending to prove the purchase and sale and the credit which he claims he gave them on the indebtedness, which he testified was owing to him from the defendants. On the other hand, the defendants offered proof showing that all their transactions had been settled and that they did not owe the plaintiff anything, and while there was an offer to purchase on the part of the plaintiff, and an offer to sell by the defendants, when they came to the question of payment there is a direct conflict; the plaintiff claiming that he was to pay for the property by giving the defendants credit on an indebtedness, and the defendants claiming that there was no indebtedness between the parties, and the sale was to be for cash.

It is the further contention of the plaintiff that in an action to recover the possession of personal property, possession is the gist of the action, and that it was error to permit the defendants to testify to settlements and business transactions between the parties. It is true, that the right to possession is the gist of the action, but in the instant case the plaintiff's right to possession depends upon his ownership, and his ownership depends upon whether he purchased the property from the defendants, and it would be a strange rule of law that would permit the plaintiff to prove his case by showing the transactions between the plaintiff and the defendants, under which he claims the indebtedness arose and that would at the same time prevent the defendants from showing that all transactions between the parties had been settled, and

that the defendants were not indebted to the plaintiff in any sum whatever. In an action for the possession of personal property where the plaintiff's only claim to the right of possession is ownership, he must prove that ownership as against all the world, and any testimony which goes to disprove the ownership of the plaintiff is relevant and material. He must stand on his own title and any defense going to impeach his title is proper. Cobbey, Replevin, § 784. He must recover, if at all, on the strength of his own title, Dixson v. Ladd, 32 S. D. 163, 46 L.R.A.(N.S.) 206, 142 N. W. 259, Ann. Cas. 1916A, 253; Plano Mfg. Co. v. Daley, 6 N. D. 330, 70 N. W. 277; Russell & Co. v. Amundson, 4 N. D. 112, 59 N. W. 477; Pitts Agri. Works v. Young, 6 S. D. 557, 62 N. W. 432.

The testimony showing the business transactions and settlement objected to, and of which the plaintiff complains, was all material for the purpose of disproving the ownership of the plaintiff. In the instant case the plaintiff's claim of the right to possession is confined to the one question of ownership, and the case was tried on that theory.

On cross-examination plaintiff is asked this question, page 23 of the transcript. "Did you have a settlement with them (the defendants) about the first of March 1924?" and plaintiff's attorney objected on the ground that it was "irrelevant, incompetent and immaterial; does not go to prove ownership."

On page 25 of the transcript, plaintiff's attorney states, "We object to that question and all similar questions which goes to show any business transactions between the parties on the ground that it is not an issue in this case. The only issue in this case is whether the plaintiff bought the stock in question, whether he owes for it or not, is not in issue. I would like to have the same objection to all similar questions." On page 28 of the transcript plaintiff's attorney objected to the introduction of an exhibit stating, "It appears from the exhibit that this is an accounting up to November 1, 1923, and has to do with items that have been settled and it does not go to the proof of ownership of the property in question in this action. · It does not go to prove any issue in this action."

In instruction 2, asked by the plaintiff, and refused by the court, there appears the following, "The evidence introduced by the plaintiff is to the effect, that he and the defendants owned jointly 42 head of

cattle, 9 turkey toms, 21 turkey hens, 2 yearling colts, and that before the commencement of this action, the plaintiff bought the defendants' interest in said property, as well as in 863 bushel of oats. It is for you gentlemen of the jury to determine whether such sale was consummated. If it was, you must find in favor of the plaintiff. Should you on the other hand find that the plaintiff did not buy the defendants' interest in said property then you must find in favor of the defendants." In instruction 4, asked by the plaintiff, there appears this statement, "The only question for you to determine is whether the plaintiff is the owner, and entitled to the possession of the property in question as alleged in his complaint." In instruction 5, asked by the plaintiff, there is this statement, "In the event that you find that there was a sale consummated between plaintiff and defendants, then that is the only question you have to decide and you should return a verdict for the plaintiff."

It was stipulated at the trial that the defendants' interest in the property was $853.28. It appeared throughout the trial, and in the instructions asked by the plaintiff, that the plaintiff was seeking to recover as the owner of the property and the court submitted that issue to the jury, and while he refused instructions 1, 2, 3, the material portions of said instruction upon the issue of ownership were submitted to the jury in the instructions that were given, and the greater portions of 3, 4, 5, and 6 were included in the instructions that were given. A further instruction was given which is not assigned as error as follows, "Three forms of verdict will be given you. One will be in favor of the plaintiff, saying that he is the owner of, and entitled to the possession of the property claimed. Another will be, that the defendants are entitled to the return of the property in question, or the value thereof, as you shall find it to be, if the property cannot be returned, and if you find that they are entitled to the possession or the value, it being admitted by the plaintiff, that he has disposed of said property then you will determine the value that the defendants are entitled to recover, which is stipulated to be $853.28. If you find, however, that the plaintiff is not the absolute owner and entitled to the possession of the property in question, and the defendants are not the absolute owners and entitled to the property in question, but that it is property involved in an unsettled accounting between the parties in which they are jointly

interested, and in that case your verdict should be no cause of action for plaintiff or defendants."

To this instruction there was no objection. It is not assigned as error, and it is in line with plaintiff's theory of the case and with the instructions asked. The court further charged the jury: "That the testimony relating to the transactions between the plaintiff and the defendant was admitted for the purpose of throwing light upon the question of whether or not there was a completed sale of the property appraised and valued as agreed upon, or whether it was an agreement for a sale and purchase that has never been consumated." The testimony was competent and material on the question of ownership and that being the sole issue upon which the case was tried the instructions were full and complete thereon. There is evidence sustaining the verdict that there was not a completed sale, and that the plaintiff was not the owner of the property, and the value of the defendants, interest found by the jury was the value stipulated by the parties in open court, and the value which the court told the jury they must find in case they find that the plaintiff was not the owner.

It is contended upon this appeal that the plaintiff's claim of ownership rests not only upon the purchase but upon the terms of the rental contract existing between him and the defendants, which contract contains the usual provisions with reference to the title and right of possession being reserved in the landlord until final settlement and division. We are of the opinion, however, that the record, taken as a whole, shows that the plaintiff in the court below sought to vindicate his title and right of possession solely on the strength of the purchase. It appears that the issues regarding such purchase were fairly tried and submitted to the jury, and there being no error, the judgment is affirmed.

BIRDZELL, Ch. J., and NUESSLE and CHRISTIANSON, JJ., and BERRY, Dist. J., concur.

JOHNSON, J., did not participate, Honorable H. L. BERRY, Judge of the Sixth Judicial District, sitting in his stead.