[No. 7,338.—Department Two.]
November 1, 1882.

## A. FROMM *v.* SIERRA NEVADA SILVER MINING COMPANY.

RULE OF DAMAGES FOR CONVERSION OF PERSONAL PROPERTY—TROVER— DAMAGES—TIME—REASONABLE DILIGENCE IN PROSECUTING ACTION.— Action for the conversion of ten shares of stock in a mining company. The conversion took place on March 26, 1879, and the action was brought on May 23d following. The plaintiff used reasonable diligence in bringing the action, and was entitled, under Section 3336, Civil Code, to recover as damages for the conversion, "the highest market value of the property, at any time between the conversion and the verdict, without interest."

APPEAL by defendant from the judgment of the Superior Court of the City and County of San Francisco, and from an order denying a motion for a new trial. HUNT, JR., J.

Action for the conversion of personal property. The trial was before the Court below, April 13, 1880, without a jury. The facts were as follows: On or about the twenty-sixth day of March, 1879, the plaintiff purchased in the market at San Francisco, ten shares of the capital stock of defendant, and received from his vendor a certificate representing ten shares of said capital stock, which had been issued by the defendant to James Coffin, Trustee, which certificate was to the effect, that James Coffin, Trustee, was entitled to ten shares of the capital stock of defendant, transferable on the books of defendant, by indorsement thereon and surrender of said certificate. The plaintiff purchased said shares of stock at their full market value, and without notice of the rights of any third person in or to the same. On said twenty-sixth day of March, 1879, plaintiff presented said certificate, properly indorsed by said Coffin, at defendant's office, and demanded a transfer of said shares and the issue of a new certificate to him therefor, which was refused, for the reason, as then and there stated to plaintiff, that one M. L. McDonald had given notice to defendant that he was the rightful owner of said shares; that the said certificate had been stolen from him, and that he had demanded that no transfer thereof be made. This action was commenced on the twenty-third day of May,

1879. The market value of said stock on said twenty-sixth day of March, 1879, and for some time thereafter, was the sum of forty-five dollars per share. Said shares were freely dealt in at and during said time, and the highest market value of said shares between said twenty-sixth day of March, 1879, and the day of trial, was the sum of eighty-eight dollars and fifty cents per share, at which price said shares were selling in said market during the month of October, 1879. The Court further found that the defendant converted the stock on March 26, 1879, and that the plaintiff commenced his action within a reasonable time after his cause of action accrued, and that his said action has been prosecuted with reasonable diligence.

Judgment was given in favor of the plaintiff for the sum of eight hundred and eighty-five dollars, the highest market value of the stock between March 26, 1879, and April 13, 1880, without interest. Defendant moved for a new trial which was denied.

*W. S. Wood,* for Appellant.

The motion for new trial was based upon the point that the Court erred in finding the action had been commenced within a reasonable time, within the meaning of Section 3336 of the Civil Code. This appeal presents the same point to this Court.

By the provisions of Section 3336 of the Civil Code, it is provided: " The detriment caused by the wrongful conversion of personal property is presumed to be: The value of the property at the time of the conversion with interest from that time; or, where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party," etc.

In the Court below it was conceded, and will probably be here admitted, that the action must be commenced within a reasonable time after the conversion, and that the language " where the action has been prosecuted with reasonable diligence," refers to the commencement of the action as well as to its subsequent prosecution. Hence this Court is called upon to determine the question:

Was this action commenced in such time after the conversion as to warrant a finding that it has been prosecuted with reasonable diligence? Fifty-eight days elapsed from the conversion until the commencement of the suit, and counsel for appellant submits that the period of time between the two events was so long that it can not be said to have been a reasonable time within the meaning of the Code.

What is a reasonable time, has very often been the subject of judicial inquiry, and the question has arisen in a multitude of varying cases; and yet the term is without exact definition. It is not possible for a Court to give an exact and definite meaning to a term which must always be accommodated to the circumstances of the pending case. "There is perhaps no exact definition and no precise standard of reasonable time." (2 Parsons on Contracts, 5th ed., 661.)

The law can not prescribe in general what shall be reasonable time by any defined combination of facts, so much does the question depend upon the situation of the parties, and the minute and peculiar circumstances of each case. The Supreme Court of California has, in several cases, passed upon the question, and while no precise definition has been reached, yet the language employed tends to furnish a standard for the determination of this appeal.

"There must be ordinary or reasonable diligence, such as men of business usually exercise, when their interests depend upon obtaining correct information." (*Garver* v. *Downie*, 33 Cal. 182.) "What such reasonable time is, depends upon the circumstances of each case, and is a question of law to be determined by the Court." (*Poorman* v. *Mills*, 39 id. 351.) "What shall be deemed a reasonable time, is a question of law for the Court when there is no dispute about facts." (*Himmelmann* v. *Hotaling*, 40 id. 114, 115. See, also, *Redington* v. *Woods*, 45 id. 424.)

In the case of *Luckhart* v. *Ogden*, 30 Cal. 548, the Court had occasion to consider the question with reference to a contract of a different character from that considered in the cases heretofore cited. There the Court say: "The term reasonable time is a technical and legal expression, which, in the abstract, involves matters of law as well as matters of fact. * * * But whenever the special circumstances are such that the

Court can not, by the aid of any legal rule or principle, decide upon the legal quality of the facts, it is necessary that the jury should draw the inference in fact with reference to the ordinary course and practice of dealing, and the general principles of morality and utility."

This Court has thus furnished a rule by which this case can be determined. Considered in the light of the ordinary course and practice of dealing, it is submitted that the period of fifty-eight days is wholly unreasonable for the commencement of this action.

The Legislature, by Section 3336 of the Code, has vested in the injured party an extraordinary privilege, but has at the same time made the right to use that privilege depend upon his own vigilance. It has said that one whose property has been converted shall enjoy all the benefits of a speculation, without any of the risks. It has made for such a party a sale of his stock at the very highest market value, something of rare and almost inestimable worth to dealers in mining stocks; and the enjoyment of all those benefits are dependent solely on the eagerness with which he proceeds to claim them. It can not be denied that in the ordinary and usual course of business a party intending to assert so valuable a right would do it at once. This Court has said reasonable diligence is such as men of business exhibit when their interests are at stake (*Garver* v. *Downie*); and will it be seriously considered that men of business with important interests to protect, depending on their activity, would delay proceeding two months in matters where diligence was necessary, and where their safety and security were involved in the speed with which they acted ?

The Court will observe that this case is free from any of the acts of wrong-doing or oppression so common in the ordinary instances of conversion of stock by individuals. Here a corporation, having issued certificates for its capital stock, becomes involved in a difficulty between adverse claimants to certain of its shares. The corporation itself has no interest in the matter beyond that of protecting itself and its stockholders, as far as possible, from loss or damage. It is not treating a corporation in good faith, nor observing the general principles of morality and utility, to delay the com-

mencement of an action for a long period of time, and thus prevent the corporation from protecting itself in the premises.

Upon the question of reasonable diligence, Mr. Wood further cited the following authorities: *Hedges* v. *The Hudson River R. R. Co.*, 49 N. Y. 226; *Parke* v. *Kilham*, 8 Cal. 77; *Kimball* v. *Gearhart*, 12 id. 27; *N. C. S. C. Co.* v. *Kidd et al.*, 37 id. 282; *Ophir S. M. Co.* v. *Carpenter*, 4 Nev. 534; *Cocker* v. *Franklin H. & F. M. Co.*, 3 Sumner, 533; *Kingsley* v. *Wallis*, 14 Me. 57; *Martin* v. *Winslow*, 2 Mason, 242; *Fields* v. *Nickerson*, 13 Mass. 138; *Attwood* v. *Clark*, 2 Greenleaf, 254; *Smedberg* v. *More*, 26 Wend. 238.

*Taylor & Haight*, for Respondent.

It is difficult to tell, from an examination of the transcript and of appellant's brief, why this appeal was taken. It is manifestly frivolous.

But one point is made. And that is, that the Court erred in allowing us the highest market value of the stock between the conversion and the time of trial; and a labored argument is made to show that fifty-eight days is an unreasonable time within which to commence the action! It is surely not necessary for us to say anything, for the thing on its face is so plain as to need no argument.

We will, however, say this: reasonable or unreasonable time always depends upon the peculiar facts of each case. In this case the testimony shows, that from the time of the conversion until we brought the action, the stock had not advanced; hence, that we did not wait until a rise in the stock, in order that we might speculate at the expense of defendant. Had we waited for months, and until the stock had greatly risen in value, and then brought the suit, the case would have been entirely different.

Furthermore, one McDonald was claiming the stock. Under these circumstances, investigation was imperative; and taking this into consideration, and further considering that examination by an attorney must have been necessary, in order to ascertain what the rights of plaintiff were, less than two months was certainly none too much, especially as in the meantime there had been no rise in the market value of the stock.

The COURT:.

Section 3336 of the Civil Code is as follows: "The detriment caused by the wrongful conversion of personal property is presumed to be: 1. The value of the property at the time of the conversion, with interest from that time; or, where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party."     *     *     *

The conversion in this case took place on the twenty-sixth day of March, 1879, and the action was brought on the twenty-third day of May; 1879.   The only point made on the appeal is, that the action should have been brought at an earlier day. But we are of the opinion that there was reasonable diligence in bringing the action, within the meaning of the Code.

Judgment and order affirmed.