THOMPSON, Respondent, *v.* SCHAETZEL, Appellant.

**1. Trover and Conversion — Measure of Damages — Trial — Instructions.**

> The measure of damages for the conversion of personal property by § 4603, C. L., is the value of the property at the date of the conversion with interest thereon, or, where the action is prosecuted with reasonable diligence, the highest market value at any time between the conversion and verdict at the option of the injured party. The plaintiff in his complaint demanded judgment for the value at the date of the conversion with interest. The court over objection admitted proof of value intermediate the conversion and verdict; but in its charge to the jury limited the damages to the value at the date of the conversion with interest. There was no sufficient evidence of the value of the property at the date of the conversion to support the verdict; *held*, the judgment must be reversed.

**2. Same — Election of Measure of Damages.**

> The question of the plaintiff's election of the measure of damages he will rely upon under this statute considered, but not determined.

> (Argued February 12, 1889; reversed and opinion filed June 3, 1889.)

APPEAL from the district court, Minnehaha county ; Hon. JAMES SPENCER, Judge.

*C. O. Bailey* and *H. H. Keith*, for appellant.

At common law in actions of trover the measure of damages was the value of the property at the time of the conversion with the interest up to the time of the judgment. Shepard v. Pratt, 16 Kan. 209 ; Burney v. Phelps, 3 Rich. (S. C.) 191 ; Curtis v. Ward, 20 Conn. 204; Rayburn v. Pryor, 14 Ark. 505 ; Funk v. Dillon, 21 Mo. 294 ; Nesbitt v. St. Paul Lumber Co., 21 Minn. 491 ; Walker v. Bosland, 21 Mo. 289 ; Finch v. Blount, 7 C. & P. 478 ; Mercer v. Jones, 3 Camp. 477 ; Amswath v. Bowen, 9 Wis. 348; Hurd v. Hubbell, 26 Conn. 389 ; Backenstoss v. Stahler, 33 Pa. St. 251 ; 6 Wait's Act. & Def. p. 222, § 9.

As respondent elected, by his complaint, to take the common-law measure, in preference to the option given by the Code, he must be held to prove the value of the stock on the date of the alleged conversion. Any evidence tending to prove any other measure was inadmissible. Waterson v. Seat, 10 Fla. 326; Palmer Co. v. Ferrill, 17 Pick. 58 ; McLaren v. Birdsong, 24 Ga. 359; Green v. City of Fall River, 113 Mass. 262 ; Chandler v. Jamaica Pond Co., 122 id. 305.

The verdict was against the weight of evidence.

*T. B. McMartin,* for respondent.

Damages in conversion under our Code are not measured by the demand in the complaint. The right of the highest market value is predicated upon diligence in prosecuting the action. Hence, the complaint may pray for one relief, and plaintiff be entitled in the language of the statute to this optional measure up to the time of verdict. Suppose the stock sued for were of fluctuating value, from week to week, during the pendency of the cause, under their claim, plaintiff would have had to ask leave to amend his complaint so far as the prayer was concerned. Suppose the court had refused as many applications, would it have deprived him from claiming the "highest market value up to the time of verdict?" The answer is plain.

The question of value was properly submitted to the jury and there was abundance of evidence to sustain the finding on that point.

TRIPP, C. J. This is an action in the nature of trover brought against the defendant to recover for the alleged conversion of 150 shares of stock of the Sioux Falls Brewing Company. The complaint, after setting out the incorporation of plaintiff and the subsequent appointment of the receiver, alleges that " among the assets of the bank were three promissory notes executed by George A. Knott to the bank — two for five thousand dollars each, and one for four thousand one hundred and fifty dollars and seventy-nine cents — all dated September 15, 1885, bearing interest from date at ten per cent, payable on demand ; that, for security for the payment of said notes, said Knott pledged with the First National

Bank one hundred and fifty certificates of shares of stock of the Sioux Falls Brewing Company of the value of twenty-five thousand dollars; that said certificates of stock, of the value as aforesaid, came into the possession of the defendant, Jacob Schaetzel, Jr.; that on April 8, 1886, the plaintiff caused demand to be made of defendant for the possession of said certificates of stock; and that defendant refuses to deliver possession, and converted the same into his own use to the damage of plaintiff"— and demands judgment " for $25,000, and interest thereon from April 8, 1886, and costs."

The answer admits the incorporation of the plaintiff bank, and the appointment and qualification of the receiver, but denies the other allegations of the complaint.

The defendant also alleges, in substance, that he received only 100 shares of the stock described in the complaint, and that they were received by him from the plaintiff bank as security for services rendered by him for the bank, for which no amount has been paid or tendered him ; and he further alleges that he transferred said shares to one Moriz Levinger under and by virtue of a contract made by said Levinger with said bank, and for which the said Levinger paid the said bank, no part of which said amount has been repaid said Levinger, but that said contracts, etc., have been recognized and ratified by said receiver.

It will be observed that the plaintiff, in its prayer for relief, demands " judgment for $25,000, with interest from the 8th day of April, 1886," the day of the alleged conversion. Under our statute giving damages for conversion of personal property, " the detriment caused by the wrongful conversion of personal property is presumed to be (1) the value of the property at the time of the conversion, with the interest from that time ; or, (2) where the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party," etc. § 4603, Comp. Laws. And the defendant contended at the trial that, plaintiff having demanded, in the prayer of the complaint, the value of the property on the day of the alleged conversion, with interest therefrom, he had exercised his option under the statute, and could not be permitted to give in evi-

dence the value of the property intermediate the alleged conversion and the verdict ; but the court admitted such evidence over the defendant's objection, and subsequently rejected defendant's offer to prove the value of the property on the day of the alleged conversion, to which rulings of the court the defendant duly excepted.   Subsequently, in his charge to the jury, the judge expressly limited them in their assessment of damages to the value of the property on the day of the alleged conversion, with interest to the time of the verdict.   The court evidently, upon a review of the whole case, when he came to charge the jury, concluded to treat the prayer of the complaint as an exercise of plaintiff's option as to the measure of damage given by the statute.   The statute is a peculiar one, and was evidently taken from California, where it was adopted in the Revision of 1873.   It was evidently intended to settle the conflict of authority as to the measure of damages in conversion of personal property.   The English rule seems to have been to leave the measure of damage to the discretion of the jury, except in case of stocks, in which the time of the trial was fixed as the date of value.   In America, however, the universal rule seems to have been for the courts to establish the measure of damages as a question of law ; and, while the great weight of authority seems to be in favor of the rule as it existed in this territory prior to the amendment of 1885, to-wit, the value of the property at the time of conversion, with interest to the time of verdict, yet a number of states — notably New York, California, Pennsylvania and Iowa — in case of stocks, early adopted the rule substantially as laid down by our Amendment of 1885.   Nearly all of these states, however, have either abrogated the rule or so far modified it as to allow the highest intermediate value between the time of the conversion and a reasonable time after the owner has received notice to enable him to replace the stock ; and a very late decision of the supreme court of the United States, in case of stocks, upon a review of the cases, adopts this as the latter and better rule.   Gallagher v. Jones, 9 Sup. Ct. Rep. 335.   California, however, after a modification of the rule by her courts, has again by statute returned to substantially the rule originally adopted in that state, giving, however, to the party injured the option as to which measure or rule of damages he will adopt ; and we have enacted

the California rule.   One other state — Georgia — seems to have adopted a similar rule.   Georgia Code, 1873, § 3077.

Whether the rule laid down by the statute is the better rule, or the one announced by the supreme court of the United States, in absence of statute, it is not our province here to inquire.   It is sufficient that the legislature has seen fit to settle the conflict, and the only question for the court is to construe the statute as adopted. The statute has given to the defendant the option of claiming the value at the date of the conversion, with interest, or the highest market value intermediate the conversion and the verdict, without interest, but it nowhere prescribes how or when he shall exercise such option.   California has held, under this statute, that when he fails to exercise such option the court may exercise it for him. Barrante v. Garratt, 50 Cal. 114.   And the same court has also held that the question of "reasonable diligence" with which the action shall be prosecuted is a question of law for the court, upon an admitted state of facts.   Fromm v. Mining Co., 61 Cal. 629. But I am unable to find that the court has passed upon the question whether the plaintiff can be compelled to exercise his option prior to the trial, or at any time, or where he has exercised such option, that it is final, or what shall be construed as an exercise of such option.   The question is one not free from difficulty.   The defendant contends that he is entitled to an election on the plaintiff's part to prepare his (defendant's) case for trial; that the evidence may be entirely different, and he may require different witnesses in proving the different values under the option allowed the plaintiff; and that, in any event, after plaintiff has made his election, he should not be permitted to change it on the trial; and he further contends that, by demanding the value on the date of the alleged conversion, with interest, he has as plainly and certainly exercised his option as though he had so expressly declared it; and that the prayer of the complaint is the proper, if not the only, place where the defendant ought to be required to look for the remedy, and the extent of the remedy, that the plaintiff deems himself entitled to.   On the other hand, the plaintiff claims that he is bound by the remedy claimed or judgment demanded in case of default only; and that, in case of defendant's appearance, and upon trial of the issues, he has a right to any remedy which he

may be found entitled to upon the evidence.    The record is a long
one.    These and numerous questions were pressed upon the atten-
tion of the court at the trial, which, in the view we have taken of
the case, we do not deem it necessary or proper to determine ; and
as the case must be reversed upon the ground that, upon examina-
tion of the entire record, there is no evidence of the value of the
property on the day of the alleged conversion sufficient to sustain
the verdict — that being the date to which the court confined the
inquiry of the jury, and which instruction they are presumed to
have followed — we have concluded to allow the entire case to be
retried, leaving the lower court free, upon a new presentation of
such questions, should they again arise, to pass upon them uncon-
trolled by the action of this court. All the justices concur. SPEN-
CER, J., not sitting.