[No. 15970.    Department One.—March 31, 1896.]

A. J. RALSTON ET AL., TRUSTEES, ETC., APPELLANTS
    *v.* THE BANK OF CALIFORNIA, RESPONDENT.

CORPORATIONS—REFUSAL OF BANK TO TRANSFER SHARES—CONVERSION—
    ELECTION OF REMEDY.—Where a banking corporation has refused to transfer stock upon its books, the assignee may elect to treat this as a conversion of the shares by the bank, and sue it for their value; or he may sue in equity to compel registration of the transfer, and recover damages as an alternative, nor is the latter remedy exclusive of the former.

ID.—OWNERSHIP BY BANK OF SHARES CONVERTED.—The fact that the bank becomes the owner of the shares converted, where a recovery is had for the conversion, is not ground for refusing the remedy for such recovery, as the authorized capital is not reduced by such ownership, and the shares are not extinguished, and may be re-issued by the bank.

ID.—INDEBTEDNESS OF STOCKHOLDER TO BANK—TRANSFER BY BANK—SUBSEQUENT CONVERSION.—Where a rule of the bank forbids a transfer of stock while the stockholder is indebted to the bank, a refusal of the bank to transfer the stock on that ground is not a conversion; but if the bank transfers its claim of indebtedness against the stockholder, it loses its lien upon the stock, and it is no longer authorized to refuse the transfer, and is liable for conversion of the stock, upon a subsequent demand and refusal to transfer it upon the books.

ID.—MEASURE OF DAMAGES FOR CONVERSION—DELAY IN PROSECUTION.—
Where there has been great delay in the prosecution of an action for the
conversion of shares of stock, and there is no finding that the action
was prosecuted with reasonable diligence, the measure of damages is
limited to the value of the stock at the time of the conversion, with in-
terest, and no recovery can be had of a higher value at the time of trial.

ID.—RECOVERY OF DIVIDENDS—PLEADING—CAUSE OF ACTION—DEMAND.—
The plaintiff cannot recover dividends upon the stock converted when he
has not alleged any demand for such dividends, nor sought to recover
them as a separate cause of action, and they cannot be added to the
measure of damages for conversion of the stock.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco. WILLIAM T. WAL-
LACE, Judge.

The facts are stated in the opinion of the court.

*Mastick, Belcher & Mastick,* for Appellants.

For a refusal to enter a transfer of stock on the books
of a corporation, the proper remedy is an action against,
the corporation for damages. (*Kimball* v. *Union Water·
Co.,* 44 Cal. 173; 13 Am. Rep. 157; *King* v. *Bank of
England,* 2 Doug. 526; *Shipley* v. *Mechanics' Bank,* 10
Johns. 484; *Wilkinson* v. *Providence Bank,* 3 R. I. 22;
*Fromm* v. *Sierra Nevada etc. Co.,* 61 Cal. 629; *Ex parte
Fireman's Ins. Co.,* 6 Hill, 243; *American Asylum* v.
*Phœnix Bank,* 4 Conn. 172; 10 Am. Dec. 112; *Sargent* v.
*Franklin Ins. Co.,* 8 Pick. 90; 19 Am. Dec. 306; *Catch-
pole* v. *Ambergate etc. Co.,* 1 El. &. B. 111; *Freon* v. *Car-
riage Co.,* 42 Ohio St. 30; 51 Am. Rep. 794; *Murray* v.
*Stevens,* 110 Mass. 95; *Rio Grande Cattle Co.* v. *Burns,* 82
Tex. 50; *State* .v. *Guerrero,* 12 Nev. 105; *Kortwright* v.
*Buffalo etc. Bank,* 20 Wend. 91; *People* v. *Miller,* 39 Hun,
557; *Helm* v. *Swiggett,* 12 Ind. 194; *Stackpole* v. *Seymour,*
127 Mass. 104; *Baker* v. *Marshall,* 15 Minn. 177; *Bir-
mingham etc. Co.* v. *Commonwealth,* 92 Pa. St. 72; *Bank
of America* v. *McNeil,* 10 Bush, 54; *Arnold* v. *Suffolk
Bank,* 27 Barb. 424; *Baltimore etc. Co.* v. *Sewell,* 35 Md.
238; 6 Am. Rep. 402.) The measure of damages in this
action is the same as in case of a conversion of the
stock. (*Rio Grande Cattle Co.* v. *Burns, supra; Kortright*

v. *Buffalo etc. Bank, supra; State* v. *Guerrero, supra; People* v. *Miller, supra; Bank of America* v. *McNeil, supra; Arnold* v. *Suffolk Bank, supra; M'Murrich* v. *Bond Head Harbor Co.,* 9 U. C. Q. B. 333; *Baltimore etc. Co.* v. *Sewell, supra; Freon* v. *Carriage Co., supra; Murray* v. *Stevens, supra; German etc. Assn.* v. *Sendmeyer,* 50 Pa. St. 67; *Bank of Montgomery* v. *Reese,* 26 Pa. St. 143, 149; *Shipley* v. *Mechanics' Bank, supra; Ex parte Fireman's Ins. Co, supra; King* v. *Bank of England, supra; Baker* v. *Marshall, supra; Wilkinson* v. *Providence Bank, supra; Birmingham etc. Co.* v. *Commonwealth, supra.*) As a transferee of stock does not become a stockholder until the transfer has been registered on the books of the company, the refusal of the corporation to register the transfer, entirely deprived plaintiff of the beneficial use of the stock, and he can treat such action of the bank as a conversion. (Civ. Code, sec. 324; *Catchpole* v. *Ambergate etc. Co., supra; Helm* v. *Swiggett, supra; Bank of America* v. *Neil, supra;* Morawetz on Corporations, secs. 216, 217.) Plaintiff is entitled to recover either the value at the time of the refusal, with interest, or, as this action was commenced with reasonable diligence, the highest value since. (Civ. Code, secs. 1427, 1428, 1708, 3281–83, 3336; *Kortright* v. *Buffalo etc. Bank, supra; Fromm* v. *Sierra Nevada etc. Co., supra.*) To this sum should be added the accrued dividends, which are to be taken as an element of the value. (*Bank* v. *Reese, supra; Sargent* v. *Franklin Ins. Co., supra.*)

*Allen & McAllister,* for Respondent.

As the defendant is a corporation organized under the laws of California, it could not convert shares of its own stock, as it would thereby diminish its capital stock. (Civ. Code, secs. 343, 354, 355, 359; Morawetz on Private Corporations, secs. 112, 434; *Percy* v. *Millandon,* 3 La. 570.) A suit in equity to enforce the transfer is the proper remedy to right the wrongs of an assignee of a certificate of stock, and not an action for conversion. (*Jennings* v. *Bank of California,* 79 Cal. 323; 12 Am. St.

Rep. 145; Cook on Stocks and Stockholders, 2d ed., sec. 391; *Iron R. R. Co.* v. *Fink*, 41 Ohio St. 321, 333, 334; 52 Am. Rep. 84; 1 Redfield on Railways, 157; *Wilson* v. *Atlantic etc. R. R. Co.*, 2 Fed. Rep. 459, 462; *Treasurer* v. *Commercial etc. Co.*, 23 Cal. 391, 393.) To say that a corporation can convert shares of its capital stock necessarily implies a fiction. A constructive conversion of property can occur only where the owner is entitled by law to consider himself deprived of it. The measure of damages in an action of conversion is the value of the stock at the time of the conversion, with interest. (Civ. Code, sec. 3336; 2 Sedgwick on Damages, 8th ed., secs. 407, 493; Field on Damages, secs. 792, 795; *Hamer* v. *Hathaway*, 33 Cal. 117; 1 Sutherland on Damages, 795.) The highest market value can be recovered only when the action has been prosecuted with reasonable diligence, which fact should have been determined by the lower court. (Civ. Code, sec. 3336; *Hill* v. *Hobart*, 16 Me. 168; *Luckhart* v. *Ogden*, 30 Cal. 558; *Niles* v. *Edwards*, 90 Cal. 10.) Plaintiff cannot recover dividends in addition to the value of the stock. (Civ. Code, sec. 3336; *Hughes* v. *Vermont etc. Co.*, 72 N. Y. 207, 210.) There is no finding when the conversion took place. Because a second demand was made July 3, 1888, for the transfer, it does not follow that the conversion took place then. (*Balch* v. *Jones*, 61 Cal. 234, 236; *Wilton* v. *Girdlestone*, 5 Barn. & Ald. 847.)

THE COURT.—Defendant is a corporation engaged in the business of banking, and having a capital stock divided into thirty thousand shares, of the par value of one hundred dollars each. One J. Baum owned sixty shares of such stock, and held a certificate therefor, which provided that no transfer of the stock described in the certificate would be made upon the books until payment of all indebtedness due to the bank from the person in whose name the stock might stand on such books. In 1881, Baum transferred said certificate for value to Peder Sather, who, on September 13, 1886,

demanded of the bank the appropriate entry of the transfer on its books. Baum then being in failing circumstances, and indebted to the bank in a sum greatly exceeding the value of the stock, it refused compliance with Sather's demand. Soon afterward Sather died, and in April, 1888, said shares and certificate were by decree of court distributed to the plaintiffs in trust under the will of said deceased. Meanwhile, on March 10, 1887, the bank sold and transferred to the firm of Greenebaum & Co., at a large discount, the indebtedness held by it against said Baum. On July 3, 1888, plaintiffs produced to the bank the proofs of their ownership of the stock as trustees under Sather's will and demanded registry of the transfer on the books, which the bank refused unless plaintiffs would pay the balance of its claims against Baum above the amount received from Greenebaum & Co. The stock was then worth two hundred dollars per share, and dividends had been declared and had become due thereon since September 13, 1886, amounting to eleven hundred and ten dollars. Plaintiffs brought this action for the conversion of the stock and such dividends, laying their damages at thirteen thousand four hundred and seventy dollars. Afterward, and before the trial, the value of the stock rose to two hundred and eighty-one dollars per share. These facts, among others, being found by the court, or admitted by the pleadings, the court held that there had been no conversion by defendant, and rendered judgment in its favor.

It appears from the opinion of the learned judge of the court below, accompanying the findings, that the judgment went upon the ground that from the nature of corporate shares there can be no actual conversion thereof; that the fiction of a constructive conversion of such property can be indulged only when, under the rules of law, the owner is entitled to consider himself deprived of the same; and that here the rules of law forbid such result, since the effect would be to vest the bank with the property in its own shares, contrary to

the policy of the law.   The argument in this court in support of the judgment follows quite similar lines.   It is not claimed that defendant had the legal right to refuse plaintiff's demand for registry of the transfer, its lien having been lost by the sale and transfer to Greenebaum & Co.

We are not convinced that there is any fiction in ascribing the term "conversion" to the defendant's refusal; but, however this may be, there is at the present day no difficulty in applying the remedy which was afforded by the common-law action of trover to a case where the owner of corporate shares has been wrongfully deprived thereof, even though his possession of the certificate evidencing his title has not been disturbed.   (*Payne* v. *Elliott,* 54 Cal. 339; 35 Am. Rep. 80; see *People* v. *Williams,* 60 Cal. 1; *Dodge* v. *Meyer,* 61 Cal. 405.)   "It may be stated as a rule," says an eminent author, though he dissents from its principle, "that where a corporation refuses to allow a transfer of shares upon its books, the assignee may treat this as a conversion of his shares, and sue the company for their value." (Morawetz on Corporations, sec. 217.)   Such is the law as declared and enforced in this state.   (*Kimball* v. *Union Water Co.,* 44 Cal. 173; 13 Am. Rep. 157; *Fromm* v. *Sierra Nevada etc. Co.,* 61 Cal. 629.)   A suit in equity where registration of the transfer may be compelled or damages recovered as an alternative may be preferable, but it is not exclusive of the remedy invoked in this action.   (Morawetz on Corporations, secs. 216–21; Cook on Stocks and Stockholders, secs. 289–92.)

The argument that the corporation becomes the owner of the shares converted, and hence that its stock is reduced otherwise than in the manner provided by law (Civ. Code, sec. 359), and hence further that such conversion is legally impossible because contravening the policy of the law, has no great force.   If necessary to save itself from loss, the bank might have contracted for and have received the title to these shares in payment of Baum's debts to it, and the transaction would

have been perfectly legal. (*Ex parte Holmes*, 5 Cow. 426.) With the same purpose in view the bank, apparently in good faith and under claim of right, refused the registry, and this had the undesigned effect of converting the shares; and it is not perceived how acquisition of title by this means can, though wrongful as regards the plaintiffs, be more obnoxious to public policy than by contract in the case supposed. The authorized capital is not reduced, for the shares are not extinguished, but may be reissued. (Cook on Stocks and Stockholders, sec. 314; Morawetz on Corporations, sec. 434; *Bank of San Luis Obispo* v. *Wickersham*, 99 Cal. 655.) Cases may arise where no conversion by the corporation should affect the *status* of a stockholder in his relations to creditors of the corporation, but no such consideration is here presented. (2 Thompson on Corporations, 2055, et seq.)

Baum being indebted to the bank at the time of Sather's demand for entry of the transfer in 1886, the bank's refusal at that time was justified (*Jennings* v. *Bank of California*, 79 Cal. 323, 12 Am. St. Rep. 145), and there was no conversion until the similar demand on July 3, 1888. Several years elapsed between the commencement of the action and the trial, and there is no finding that the action has been prosecuted with reasonable diligence; the measure of damages for the conversion of the shares is, therefore, their value at that time with interest. (Civ. Code, sec. 3336.)

But we do not see how appellant can, in this action, recover the dividends prayed for. The theory of the complaint is that respondent at a certain time, converted the stock. Appellant would therefore be entitled, upon his own averment, to recover the value of the stock at that time, with legal interest thereon since that date. Such is the measure of damages established in this state, except where, under certain circumstances not existing here, the highest market value at any time between conversion and the verdict may be recovered (Civ. Code, sec. 3336); and it matters not what the rule

may be elsewhere. Now, the value of the stock, as such, is alleged to have been at that date two hundred and six dollars per share, amounting to twelve thousand three hundred and sixty dollars; and there is no provision for adding to the measure of damages for property converted, dividends, or other incidents. If, under the circumstances of this case, appellant could recover the dividends as a separate cause of action, he could do so only after a demand made for the same, which was not averred. (*Bills* v. *Silver etc. Min. Co.*, 106 Cal. 9; Opinions of Beatty, C. J., and Garoutte, J., and cases there cited.)

There is no necessity for a new trial. The judgment is reversed, and the cause remanded with instructions to the court below to render judgment for plaintiff in the sum of twelve thousand three hundred and sixty dollars, with interest thereon from July 3, 1888.

McFARLAND, J., concurring.—I concur in the judgment solely on the authority of previous decisions of this court, and particularly *Kimball* v. *Union Water Co.*, 44 Cal. 173, 13 Am. Rep. 157, and *Fromm* v. *Sierra Nevada etc. Co.*, 61 Cal. 629. If the question were an open one, I would hold, with the court below, that the refusal of a corporation to make a transfer on its books of shares of stock from one stockholder to another is not a *conversion* of such stock by the corporation.