## Harry S. Lewis, Defendant in Error, v. Bidwell Electric Company, Plaintiff in Error.

### Gen. No. 13,841.

1. CORPORATIONS—*what conversion of corporate stock.* A conversion of corporate stock will be attributed to a corporation, first, if it sells or declares a forfeiture of stock, wrongfully, and, second, where it wrongfully refuses to recognize a valid transfer and to register such a transfer and issue a new certificate to the transferee.

2. PARTIES—*who proper party to maintain action for illegal conversion of corporate stock.* Where a corporation has converted corporate stock by refusing to issue a certificate to a legal transferee, the remedy and right of action rest solely in the transferee.

Trover. Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in this court at the October term, 1907. Reversed. Opinion filed April 30, 1908.

NORMAN A. BECK, for plaintiff in error; A. M. LASLEY, of counsel.

ELDRIDGE & ROSE, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

The cause here brought for review on the writ of error sued out of this court to the Municipal Court of Chicago, which has been made to operate as a *supersedeas* by an order of this court, seeks to reverse a judgment of the Municipal Court for $363, rendered without the intervention of a jury.

Plaintiff is a broker and dealer in stocks and bonds at Chicago. He bought at various times during the months of February and March 1,100 shares of the stock of the defendant corporation. These shares were represented by three certificates, which were assigned in blank and delivered to plaintiff. The 1,100 shares were afterwards sold by plaintiff to Ellis & Co. of San Francisco, who directed that certificates for the stock be made out to different persons named in

the numbers of shares designated. Ellis & Co. resold them and gave these transfer instructions to plaintiff. The three certificates were presented to the defendant company at their Chicago office, and the transfer requested and certificates evidencing such transfer asked to be issued in the names of the several subpurchasers.

Defendant refused to make the transfer and deliver the new certificates requested for the stock, except upon the payment of a transfer fee of one dollar for each one hundred shares of stock. Plaintiff refused the amount demanded and tendered $2.75 for transfer fee, claiming that the usual charge for transfer fee in Chicago was twenty-five cents per one hundred shares. The defendant refused to accept the tender and the transfer was not made. This suit was then commenced to recover the market value of the stock at the time of the refusal to make the transfer, upon the theory that such refusal was in law tantamount to a conversion of the stock by the defendant. Plaintiff says in his brief that "this suit is in effect an action of trover," and for the purposes of this opinion we will so treat it. There are many very interesting questions of law raised and discussed in the briefs, but we shall disregard all of them but the one controlling and decisive question, viz.: whether plaintiff has sufficient title to the stock to enable him to maintain an action as for a conversion of it.

It is patent from the testimony of plaintiff that he is not the transferee of the stock. The stock sought to be transferred has been sold by the plaintiff to Ellis & Co., acting for others, and the transfer requested was for the beneficial owners. Plaintiff at no time expressed any desire to have the transfer made for himself. In all his dealings with, and requests made of, defendant, plaintiff was acting for the transferees, and so stated, and made no claim to ownership of the three certificates which he originally bought and subsequently sold.

The application of the law cited by plaintiff to the

facts resting in plaintiff's proof appears to us to result in defeating his claim. In Clark & Marshall on Private Corporations, sec. 379, two conditions are stated from which a conversion of stock will be attributed to a corporation: First. If it sells or declares a forfeiture of stock, wrongfully; and, second, where it wrongfully refuses to recognize a valid transfer and to register such a transfer and issue a new certificate to the transferee. In each of these cases the owner may maintain trover and recover the value of the stock as damages for the conversion. The decision in Ralston v. Bank of California, 112 Cal. 208, is in accord with the rules laid down in Clark & Marshall, *supra*. The remedy and right of action are restricted to the transferee, the owner of the shares represented by the certificate. The rule is thus stated by the California court *supra:* "It may be stated as a rule that where a corporation refuses to allow a transfer of shares upon its books, the assignee may treat this as a conversion of his shares and sue the company for their value." Referring to an alternate remedy in equity, the court say *supra*: "A suit in equity where registration of the transfer may be compelled or damages recovered as an alternative may be preferable, but it is not exclusive of the remedy invoked in this action." Cook on Corporations, sec. 576, lays down the same principle as to who is vested with the right of action. It is there said: "It is well established that the refusal of a corporation to register a transfer in the name of one entitled to the stock is a conversion of the shares." This clearly indicates the transferee as the party entitled to bring the action.

It is but logical that such should be the law. It is the common sense view of the situation so presented. What damages possibly could result to the seller by the refusal of the corporation to make the transfer? Clearly none. No case can be found, and none is cited, where the seller of the stock ever recovered damages for the refusal of the corporation to make

the transfer and issue a certificate to the transferee. Sec. 603, Clark & Marshall, *supra,* announces the doctrine thus: "If a corporation wrongfully refuses to recognize a valid transfer of stock on its books, the transferee has two remedies. The duty to permit a transfer raises an implied promise on the part of a corporation, for a breach of which the transferee may maintain an action of *assumpsit* to recover the damages sustained by him by reason of the refusal. Or he may treat the wrongful refusal to allow a transfer as a conversion of the shares and recover damages in an action of trover for the conversion. Or he may maintain a special action on the case." This text is supported by many decisions, American and British, cited in the foot notes on page 1839 *et seq.*

Plaintiff had no title to the 1,100 shares of stock of the defendant company; consequently he has no right to maintain this action.

The judgment of the Municipal Court is reversed.

*Reversed.*