PERRY ET AL., Respondents, *v.* BEAUPRE, Appellant.

**Trover and Conversion — Growing Crops — Rights of Mortgagee.**

In an action of trover by a mortgagee of a crop being raised on shares, against the owner of the land who had taken possession, harvested and converted the crop to his own use under an alleged prior agreement with the mortgagor, the parties to the suit treated the owner and mortgagor as occupying the relation of landlord and tenant, and, there being evidence that the mortgage was duly filed prior to the making of the agreement under which the defendant took possession, and that the value of the share taken (after being harvested) was about equal, or exceeded the mortgagee's interest, *held*, the court properly refused to direct a verdict in favor of the defendant.

(Argued and determined at the February Term, 1888.)

APPEAL from the district court, Cass county; Hon. W. B. McCONNELL, Judge.

This was an action by W. F. Perry and E. A. Perry, partners, under the name of Perry Bros., to recover of Bruno Beaupre the value of a certain crop of grain mortgaged to them, which they claimed he had converted to his own use. The plaintiffs had judgment and the defendant appealed.

The plaintiffs in their complaint alleged, that, on the 15th day of January, 1885, one L. H. Wheat executed and delivered to them his promissory note, whereby he promised to pay to their order, on the 1st day of October, 1885, $1,068.74 with interest at the rate of 10 % per annum from date until paid; that no part of the note had been paid; that on or about the 17th day of September, 1885, the said Wheat was the owner and in the possession of a one-half interest in the crop grown and raised during that season on a certain two hundred and fifty acre tract of land therein described; that on that day, for the purpose of securing the payment of said note, the said Wheat executed and delivered to these plaintiffs a certain chattel mortgage on the crop above described; that on the said date the said mortgage was duly filed in the office of the register of deeds of the proper county; that on the 18th of September, 1885, the defendant wrongfully took said crop and converted the same to his own use; that thereafter the plaintiffs duly demanded the same from him, but he had refused to deliver it. Wherefore, they demanded judgment for the amount of the said note.

The defendant answered that he had no sufficient knowledge or information as to the making or the terms of the note to form a belief; denied that Wheat, on the 17th day of September, 1885, or for a long time prior or subsequent thereto, was the owner or in possession of the personal property described in the complaint; admitted that Wheat was in possession of the section of land described up to and until the 12th day of September, 1885, and not thereafter; " but alleges in relation to such possession that he was there solely as the tenant of this defendant for the cropping season of 1885, and had no interest in the crops so grown upon such land until the full completion of his said contract for the carrying on of said land for this defendant; that during the harvest of said year the said Wheat, by reasson of employment elsewhere, became entirely unable to complete his said contract; that this defendant was compelled to take possession of said land; to employ men and teams to complete said contract; that this defendant completed the harvesting, threshing and marketing of said crop as inexpensively and expeditiously as possible, and sold the same to the best advantage at the time the said crop was ready for sale ; that the one-half interest that the said Wheat was to have and possess in said crop on the completion of his contract with this defendant did not bring a sufficient sum of money to pay for the completion of said contract, but that said Wheat is still indebted to this defendant for money expended by him in the completion of his contract to carry on and cultivate said land; that he has not sufficient knowledge or information to form a belief as to whether the said Wheat executed or pretended to execute and file a mortgage upon the property described in said complaint to these plaintiffs on the 17th day of September, 1885, or at any other time, and, therefore, denies the same. Denied that the mortgage pretended to have been executed by Wheat to these plaintiffs became or was a lien upon said property therein described, or any property whatever, against or prior to the rights of this defendant, or that the same was to become a lien, if at all, upon such interest as the said Wheat might have in such crop after the contract with this defendant was completed."

Denied that he had wrongfully converted the property to his own use, but that he took the same under an agreement with said

Wheat.  Admitted the demand, but denied that the property was of the value of $1,300, or any other sum in excess of $100.

On the trial the plaintiffs proved their note, mortgage and filing thereof; that the mortgagor early in 1885, rented a section of land, including that described in the complaint, of the defendant and agreed to cultivate it for one-half of the produce, the defendant furnishing the seed; that he went on to it and seeded the land to barley and oats (one hundred and twenty-five acres of each) and was in possession at the time of the execution and filing of the mortgage; believed that he did not move away until after the mortgage was given, that the plaintiffs took possession, harvested and sold the grain; that there were six thousand one hundred and forty-two bushels of barley and four thousand five hundred bushels of oats raised on the land; that the barley was worth thirty-five cents per bushel and the oats thirty cents a bushel. On cross-examination Wheat testified that he did not agree with the defendant that he should have a lien on his, Wheat's, part of the produce to secure the performance of his part of the leasing contract; that he did not, prior to the filing of the mortgage, inform the defendant that he would better go and take care of the crop, as he, Wheat, could get no help; that he expected to take care of the crop himself; that he did not do much toward saving the crop.

The plaintiffs then rested and the defendant moved the court to direct a verdict in his favor.  This motion the court overruled. The trial resulted in a verdict in favor of the plaintiffs for $1,280.32, and after a motion for a new trial was denied a judgment was entered on this verdict, and the defendant appealed, assigning error upon the action of the court in refusing to direct the verdict.

*H. F. Miller*, for appellant.

Plaintiffs' request to direct the verdict should have been granted because there was no evidence before the court upon which a jury could determine that any specific property had been converted by the defendant, or any conversion at all of any property in which the plaintiffs had an interest.  The action is brought for the recovery of Wheat's interest in a crop grown upon a particular

tract of land. The crop covered by the mortgage was grown upon a certain two hundred and fifty acres of defendant's farm. The only evidence there was as to the amount of grain grown upon this tract is that of the witness Tuffts, and he simply testifies that from the whole farm he threshed out six thousand one hundred and forty-two bushels of barley, and about four thousand five hundred bushels of oats. There is no testimony to show how much more of the farm was seeded to oats and barley, and nothing to show what the yield per acre was. What method, then, was it possible for the jury to adopt in order to ascertain the amount of grain raised upon the tract covered by the mortgage

Wheat told the defendant that he (Wheat) was unable to complete his contract of lease, and that the defendant would have to do it, if it was done; and that afterward, and while defendant was in possession, Wheat went to plaintiffs and gave them the chattel mortgage. There can certainly be no conversion in the case so far. So far there had been no tortious act proved, and no property had been designated as the subject of the conversion. The defendant's motion should have been granted. Thomp. "Charging the Jury," 14; Davis v. Davis, 7 Harr. & J. (Md.) 36; Clark v. Marriott, 9 Gill. 331; Commissioners v. Clark, 94 U. S., 278; Improvement Co. v. Munson, 14 Wall. 448; Pleasants v. Fant, 22 id. 120; Parks v. Ross, 11 How. 373; Merchants' Bank v. State Bank, 10 Wall. 637; Hickman v. Jones, 9 id. 197; Shirby v. Vail, 38 How. Pr. 406; Hoeflinger v. Stafford, 38 Wis. 391.

*A. E. Bayesen* (*A. D. Thomas* of counsel) for respondents.

The undisputed facts are these: Wheat held and occupied this section of land during the season of 1885, as the defendant's tenant under a verbal lease, by which he agreed to render as rent one-half of all the crops to be raised thereon. About the time of the execution of the mortgage to the plaintiffs, defendant entered upon the premises, took possession of all the crops growing or remaining thereon, including that mortgaged to the plaintiffs, caused the same to be threshed, removed and sold; and these acts constitute the acts of conversion for which the plaintiffs sue. The jury returned a general verdict in favor of the plaintiffs.

If there could be any complaint from an omission to show the particular amount of grain grown on the two hundred and fifty acres the defendant afterward supplied it.

All controverted questions of fact having been settled by the verdict adversely to the defendant, it follows that he never had any right in respect of the property which constitutes the subject-matter of this action beyond those rights which strictly belong to a landlord as against his tenant. That under a lease reserving as rent a portion of the crops to be raised on the demised premises, the landlord acquires no title to, or right in the crops until his portion has actually been set apart to him by the tenant, is settled by the authorities. Deaver v. Rice, 34 Am. Dec. 388; Dixon v. Nichols, 39 Ill. 372; Sargent v. Courier, 66 id. 245; Townsend v. Isenberger, 45 Ia., 670; Blake v. Coats, 3 G. Greene, 548; Hatchell v. Kimbrough, 4 Jones, 163; Haskins v. Rhodes, 1 Gill & J. 266; Symonds v. Hall, 37 Me. 354; Larkin v. Taylor, 2 Rawle, 11; Rinehart v. Olwine, 5 W. & S. 157; Burns v. Cooper, 31 Pa. St. 426; Ream v. Hannish, 45 id. 376; Brown v. Jaquette, 94 id. 113, 39 Am. Rep. 770; Frout v. Hardin, 56 Ind. 18, 26 Am. Rep. 18; Chicago, etc., R. Co., 94 Ind. 319; Larkin v. Taylor, 5 Kan. 433; Walls v. Peterson, 25 Cal. 59; Warner v. Abbey, 112 Mass. 355.

The defendant's rights at the time in question were simply those of a creditor. In order to discharge himself from answering for the aggregate quantity, when called upon by action to respond to one of the parties whose goods he had thus intermingled, he was bound to prove the true quantity belonging to such party. Starr v. Winnegar, 3 Hun, 491; The Idaho, 93 U. S. 575; Stephenson v. Little, 10 Mich. 441; Wetherbee v. Green, 22 id. 318; Willard v. Rice, 45 Am. Dec. 226; Sims v. Glazener, 48 id. 120; Hart v. Ten Eyck, 2 Johns. Ch. 62; Root v. Bonneman, 22 Wis. 539.

The plaintiffs' mortgage covered two hundred and fifty acres of the section, one hundred and twenty-five acres of barley and one hundred and twenty-five acres of oats. From the entire section there were threshed four thousand, six hundred and twenty-three bushels of oats and six thousand, one hundred and forty-two bushels of barley. The barley was estimated to be worth thirty-

five cents and the oats thirty cents per bushel. According to appellant's basis of computation, which assumes that there were seventy-five acres of barley and seventy-five acres of oats not covered by our mortgage, the value of the crop covered by the mortgage was $1,105.20. The defendant being a wrong-doer was not entitled to any allowance for labor performed and expenses incurred in marketing the crop. Murray v. S. C., etc., R. Co., 8 N. W. Rep. 18 ; Salisbury v. McKoon, 3 N. Y. 379.

The plaintiffs were entitled, at their election, either to reclaim the grain without making compensation for the labor performed in fitting it for market, or to sue for the value thereof in its improved state.

By the COURT :

The judgment is affirmed. The pleadings of the parties, and the parties in the court below, treated the owner and occupant of the land as landlord and tenant, and this court will not now change their relation. Upon this theory of the case the court did not err in denying defendant's motion to direct a verdict and in submitting the case to a jury. All the justices concur.