### LANDER, Respondent, v. PROPPER, Appellant.

**1. Evidence — Documents — Chattel Mortgage — Proof of Execution.**

     Section 493, C. C. Pro., provides : " Every instrument in writing, which is acknowledged or proved, and duly recorded, is admissible as evidence without further proof." Section 1749, C. C. provides : "A mortgage. of personal property must be signed by the mortgagor in the presence of two persons, who must sign the same as witnesses thereto, and no further proof or acknowledgment is required to admit it to be filed." The court, without proof of execution, allowed the plaintiff to put in evidence a chattel mortgage that had been filed for record. The complaint, which was for the conversion of the property mortgaged, alleged its execution ; the answer denied all of the allegations of the complaint but contained a statement that the only claim of the plaintiff to the property was under a written instrument, in form a chattel mortgage, and that it, at the time of its execution, was fraudulent and void. *Held*, that if proof of execution was not dispensed with by § 493, its execution was admitted by the answer and there was no error in allowing it to be read in evidence.

**2. Damages — Measure, on Conversion of Mortgaged Property.**

     Where a mortgagee had taken possession of the chattels under the conditions of the mortgage and had necessarily incurred expenses in keeping them until they were taken by the defendant on an attachment against the mortgagor, it was *held*, in an action of trover, that if the mortgagee was entitled to recover he could recover these expenses in addition to the amount of the 'debt and interest, where the mortgage provided that he could take possession, hold or dispose of the property, retain the amount of the debt, interest "and such other expense as may have been incurred."

        (Argued and determined at the February Term, 1888.)

APPEAL from the district court, Richland county; Hon. W. B. McCONNELL, Judge.

This was an action by N. S. Lander, plaintiff, against M. B. Propper, defendant, for the conversion of a stock of goods. The plaintiff recovered judgment and the defendant appealed.

The plaintiff claimed to be entitled to recover under a chattel mortgage on the property. The defendant, the sheriff, took it on an attachment against the mortgagor, on the ground that the mortgage was fraudulent as against the attaching plaintiff, a creditor.

The plaintiff in his complaint, among other things alleged the execution of the mortgage to him by A. E. Weber & Co. The

defendant denied all of the allegations of the complaint except such as were admitted, qualified or explained, but as to the execution of the mortgage he stated: For a further answer defendant alleges on information and belief that the sole pretended title to, or right of possession of the plaintiff to any of the property described in the complaint was, and is derived under and by virtue of a certain written instrument bearing date about April 28, 1883, in form a chattel mortgage, signed by A. E. Weber & Co., purporting to convey and mortgage all of the goods in the store now occupied by A. E. Weber & Co., which pretended chattel mortgage was filed in the office of the register of deeds of Richland county, April 30, 1883; that said instrument was, at the time of the execution thereof, and ever since has been fraudulent and void, and that no title by virtue of it was ever conveyed to, or vested in, said plaintiff.

At the trial the plaintiff called the register of deeds, proved that the mortgage was one of the files of his office, and then offered it in evidence. The defendant objected to its introduction on the grouno it had not been sufficiently proved. The objection was overruled and an exception taken. The chattel mortgage on its face appeared to have been signed in the presence of two witnesses, and there was an indorsement of filing on it by the register. The section of the C. C. with reference to the filing of chattel mortgages and the section of the C. C. Pro., as to the admissibility of instruments are stated in the first head-note.

The condition of the mortgage on the question of expenses is stated in the second head-note. The plaintiff proved that he had been in possession of the property under the mortgage about two months before it was taken from him by the defendant. He then offered to show that he had hired men and paid them for holding the property during this period. The defendant objected to this on the ground that it was immaterial, and because the mortgage did not provide for any expenses, excepting foreclosure sale. The court overruled the objection and permitted the fact of hiring to be shown, and the amount that had been paid for· the service. The court also instructed the jury that if they found for the plaintiff he was entitled to recover the amount of the mortgage debt and interest thereon, with such expenses as were

necessarily incurred by him in holding possession of the property under the mortgage. The defendant excepted to the instruction and the ruling of the court on the admissibility of the evidence.

*Stone & Newman,* for appellant.

To have entitled the alleged chattel mortgage to be introduced in evidence against the defendant, who represented the creditors of the mortgagor, it was necessary to show that it was " signed by the mortgagor in the presence of two persons who signed the same as witnesses thereto." C. C., §§ 1749, 1750, 1744, 1745 ; Galpin v. Abbott, 6 Mich. 17; Graves v. Graves, 6 Gray, 391 ; Zeigler v. Shomo, 78 Pa. St. 357; Pringle v. Dunn, 37 Wis. 449 ; Parrott v. Shaubhut, 5 Minn. 323 ; Williard v. Cramer, 36 Ia. 22; Clarke v. Graham, 6 Wheat. 577 ; § 493, C. C. Pro.

Plaintiff was not, in any event, entitled to recover for expenses paid in holding the property. C. C., § 1710 ; Keith v. Haggart (Dak.), 33 N. W. Rep. 465.

The " expenses " provided for in the mortgage not being definite, the mortgagee is confined to such only as he could legally incur.

*M. W. Greene,* for respondent.

Section 493, C. C. Pro., provides that every instrument acknowledged or proved, and recorded, is admissible without further proof. This section is applicable to chattel mortgages, for such an instrument, duly filed is as much a record as if it had been transcribed on the books of the county. Section 1749, C. C., declares that if the mortgage is duly witnessed, " no further proof " is required to entitle it to be filed, and section 493 refers to instruments acknowledged, " or proved." The mortgage, therefore, or a certified copy, was admissible without proof of execution. 1 Whart. Ev., § 740 ; Houghton v. Jones, 1 Wall. 702; Younge v. Gilbeau, 3 id. 636; Sannels v. Barrowscale, 104 Mass. 207; Clark v. Troy, 20 Cal. 219.

The answer, however, raises no issue upon the execution of the mortgage, that is admitted.

The instructions on the measure of damages in view of the provisions of the mortgage were correct. This was a lawful subject of contract.

· The COURT:

The chattel mortgage was admissible, if not as a record, its execution was admitted by the answer.

The court did not err in the measure of damages. The judgment is affirmed. All concur.

———

LYON, Respondent, v. INSURANCE COMPANY OF DAKOTA, Appellant.

**Insurance — Incumbrances — Waiver — Agent — Authority.**

> On an issue of the agency and authority of a certain insurance firm to waive, by its knowledge of the facts, the condition of a policy requiring all incumbrances to be stated in the written application, it appeared the firm received the application and the premium for the insurance; that they were transmitted to the company by the firm through one P.; that the company sent the policy direct to P., that it was thereafter delivered to the assured, by said firm ; that the company had never had any dealings with the firm, or knew of its existence until the time of the trial and knew nothing of the incumbrances until after the loss. *Held,* the firm was such an agent of the company as would enable it to waive the requirement of the condition.

(Argued and determined at the February Term, 1888.)

APPEAL from the district court, Minnehaha county; Hon. JAS. SPENCER, Judge.

This was an action on a policy of insurance for a loss sustained by fire. The action was by an assignee, the assignment having been made after the loss. The plaintiff recovered judgment and the defendant appealed. The defendant claimed the policy had been avoided; in fact, that it was never in force from the assured's omission to comply with its conditions requiring him to inform the company of incumbrances on the property. The condition was as follows : "If the property hereby insured, either real or personal, or any part thereof, be or shall become incumbered by mortgage, judgment, or otherwise, and it be not so stated in the written application or indorsed in writing on the policy, this policy and every part thereof shall be void."

The plaintiff contended this condition had been waived. The proof on this issue was undisputed, and was that the assured, M. M. Porter, owned a hotel, the property insured, at Crescent City,