SAMUEL L. LINN *vs.* CHARLES R. JACKSON.

Opinion filed May 14th, 1895.

**Action by Sheriff—Conversion by Deputy—Pleading.**

> The complaint stated, in effect, that the defendant was deputy sheriff of Steele County, and that a writ of attachment issued out of the District Court for said county in a certain action, and was delivered to the defendant for service; and that the defendant, under and by virtue of said writ, levied upon certain personal property. *Held,* that these averments, nothing to the contrary appearing in the complaint, sufficiently allege that the court issuing the writ had jurisdiction of the subject of the action, that the writ was regular upon its face, and that the levy was made within the limits of Steele County. Order overruling a demurrer to the complaint, affirmed.

Appeal from District Court, Steele County; *McConnell,* J.

Action by Samuel L. Linn against Charles R. Jackson. From an order overruling a demurrer to the complaint, defendant appeals.

Affirmed.

*McMahon Bros.* (*M. A. Hildreth* of counsel,) for appellant.

*C. J. Paul,* (*E. W. Camp,* of counsel,) for respondent.

WALLIN, C. J. This action is brought to recover damages. The complaint alleges, in substance that at all times mentioned in the complaint the plaintiff was the duly elected and acting sheriff in and for the County of Steele, in this state, and that the defendant was the duly appointed and acting deputy of the plaintiff. That on the 12th day of April, 1890, the defendant qualified as such deputy sheriff by taking the usual official oath, and giving the plaintiff a bond, the condition of which was as follows: "The condition of the obligation is such that whereas, the said Charles R. Jackson has been appointed to the office of deputy sheriff within and for the said County of Steele, now, therefore, if the said Charles R. Jackson shall faithfully and impartially discharge the duties of his said office of deputy sheriff, and render a true account of all moneys, credits, accounts, and property of all kinds that shall come into his hands as such officer, and pay over

and deliver the same according to law, then the above obligation to be void; otherwise to remain in full force and virtue." The complaint further charges: "That on or about the 1st day of November, 1890, under and by virtue of a writ of attachment issued out of said court, and placed in the hands of said defendant for service, in an action then pending therein, wherein one George. F. Porter was plaintiff, and one Barron M. Hervey was defendant, said defendant herein, as such deputy sheriff, attached and levied upon and took into his possession the sum of four hundred and thirty-nine dollars and sixty cents, the property of said Barron M. Hervey. That on September 24, 1891, said court, by its order, vacated and discharged said attachment, and commanded that any and all proceeds of sales and moneys levied upon and collected by the sheriff of Steele County, under and by virtue of said attachment, and all property of the defendant attached therein by said sheriff, be paid and delivered by said sheriff to the defendant's attorney, and released from said attachment. That the following is a copy of said order, to-wit: 'State of North Dakota, County of Steele—ss.: In District Court, Third Judicial District. George F. Porter, Plaintiff, Barron M. Hervey, Defendant. On the annexed notice of motion, and the affidavits of Barron M. Hervey and Charles R. Jackson, and on the pleadings and proceeding in this action, and after hearing Messrs. E. J. and J. P. McMahon, attorneys for the plaintiff, and C. J. Paul, attorney for the defendant: Ordered, that the attachment issued in this action on the 31st day of October, 1890, be, and the same is hereby. vacated and discharged. And it is further ordered that any and all proceeds of sales, and moneys levied upon and collected by the sheriff of Steele County under and by virtue of said attachment, and all property of the defendant attached therein by said sheriff, be paid and delivered by said sheriff to the said defendant's attorney, and released from said attachment. Dated September 24, 1891. Wm. B. McConnell, Judge.' That defendant has at all times failed, neglected, and refused, and still fails, neglects, and refuses, to account for and

pay over to plaintiff any portion of said sum of four hundred and thirty-nine dollars and sixty cents so as aforesaid levied upon and taken into his possession as such deputy sheriff, although often requested by plaintiff so to do, and has failed, neglected and refused, and still fails, neglects, and refuses, to pay the said sum of money so as aforesaid levied upon and taken into his possession, or any part thereof, to the said Barron M. Hervey, or his attorney, as required by the said order of said court, although often requested and directed by plaintiff so to do, to the damage of plaintiff in the sum of four hundred and thirty-nine dollars and sixty cents, and interest thereon at seven per cent. per annum from and after the 1st day of November, 1890."

The only question presented for determination is whether the complaint states facts sufficient to constitute a cause of action. We are clearly of the opinion that this question must receive an affirmative answer. The defendant's counsel urged against the sufficiency of the complaint only that it does not allege in specific terms that the court issuing the writ of attachment in question had jurisdiction of the subject matter; nor that the writ was regular on its face, and that the complaint "nowhere specificially alleges that said levy was made in Steele County." The position is further taken by defendant's counsel (and in this we agree with him) that no facts are alleged tending to show a liability other than in an official capacity, i. e. upon the facts as stated the defendant is liable only on the theory of an official liability as the deputy sheriff of Steele County, appointed by the plaintiff. This court will take judicial notice that the District Courts of this state have authority to issue writs of attachment, and hence that fact need not be averred in any pleading, and the fact that the writ in question was issued by the District Court of Steele County appears, at least *prima facie*, upon the face of the complaint. The order discharging the attachment is set out in the complaint in full, and shows that there was an action pending in the District Court for Steele County in which George F. Porter was plaintiff and Barron M. Hervey was defendant, which is the title of the

action in which it is alleged that the writ issued out of said court. From these averments of fact it sufficiently appears that the writ issued out of the District Court for Steele County. The complaint alleges that the defendant "levied upon and took into his possession the sum of four hundred and thirty-nine dollars and sixty cents, the property of the said Barron M. Hervey," and that such levy was made by the defendant "under and by virtue of a writ of attachment issued out of said court." This language imports *ex vi termini* that a valid writ of attachment regular on its face was issued out of said court, inasmuch as no fact is set out in the complaint tending to show that the writ was invalid, or in any respect irregular. It would manifestly be superfluous to add in this connection that said writ was properly sealed and attested, and that it embraced the mandate to the sheriff which the statute requires. All of these features are implied in the statement that a writ of attachment issued out of said court. It is never necessary in a pleading to allege any fact which will appear by necessary inference from facts set out in the same pleading. We think it sufficiently appears also that the levy which is stated to have been made by the defendant, "under and by virtue of said writ of attachment," was made within the limits of Steele County. True, the averment is not made in express terms. But the fact that the defendant as "deputy sheriff" attached said money under said writ is alleged in terms; and from such express averments the legal inference follows that the levy was made within the sheriff's bailiwick, which under the law was the County of Steele. There is no intimation in the complaint that the defendant made, or attempted to make, any extraterritorial levy under such writ, and the averment that the levy was made in fact necessarily imports a legal levy and excludes the notion that an unlawful seizure was made under color of the writ outside the limits of Steele County. The mandate of the writ required defendant to "attach and safely keep all the property of defendant within his county." Comp.

N. D. R.—4.

Laws, § 4997. Where the allegation is that there was a levy in fact, there is a necessary inference that the levy was lawful, unless some other fact appeared tending to impeach the lawfulness of the levy. The case turns entirely upon the elementary rules of pleading, and we deem it unnecessary to cite authority in support of the views we have expressed.

The order overruling the demurrer to the complaint will be affirmed. All concur.