C. W. BENJAMIN *vs.* NORTHWESTERN ELEVATOR COMPANY.

Opinion filed November 20th, 1896.

**Payment—Evidence.**

> Where the only controverted point related to the matter of payment for wheat delivered by plaintiff to defendant's elevator, *held*, it was proper to prove by the plaintiff that defendant's agent assigned as a reason for refusing to pay him that the wheat had never been delivered.

Appeal from District Court, Pembina County; *Sauter*, J.

Action by C. W. Benjamin against the Northwestern Elevator Company. Judgment for plaintiff. Defendant appeals.

Affirmed.

*Ball, Watson & Maclay*, for appellant.

*N. C. Young*, for respondent.

CORLISS, J. Only a single point is presented in this case. The suit was instituted to recover the value of two loads of wheat sold and delivered to defendant by plaintiff. The defense was payment. The plaintiff, as part of his testimony that the wheat had not been paid for, gave evidence as to a certain conversation with defendant's agent, in which such agent stated that plaintiff's men had not delivered such wheat at defendant's elevator. It is here urged that this is error. The ground of this contention is that it was a declaration by the agent at a time subsequent to the transaction of sale, and therefore mere hearsay. It is apparent that if the agent, at a later period, had stated to plaintiff that the employes of the latter had delivered two loads of wheat at defendant's elevator, the evidence would not have been competent. But the declaration of the agent, so far from being adverse to the interests of his principal, was precisely contrary in its effect. It is insisted, however, that there was no occasion for proving this conversation with the agent for the reason that the only question in controversy related to payment; the defendant conceding that the wheat had in fact been delivered at its elevator, as claimed by plaintiff. And it is urged that the effect of the denial by the

agent of the receipt of the wheat would have a natural tendency to convince a jury that such agent had never paid for it. But in proving the fact of nonpayment the plaintiff had a right to testify to all that was said by the defendant's agent at the time he demanded payment, for the purpose of showing the attitude of the agent with respect to the matter of payment. He had an undoubted right to lay before the jury all the facts, as part of the *res gestæ.* Plaintiff's counsel having proved by plaintiff that the agent had refused to pay, it was entirely legtitimate to inquire of plaintiff why the agent had declined to pay,—what reason he had assigned for his refusal.

The judgment of the District Court is affirmed. All concur.
(69 N. W. Rep. 296.)