(79 N. W. Rep. 872.)

---

FIRST NATIONAL BANK OF FARGO *vs.* MINNEAPOLIS & NORTHERN

ELEVATOR CO.

Opinion filed June 16, 1899.

**Conversion—Damages—Highest Market Price.**

> Subdivision 2, § 5000, Rev. Codes, permits a recovery in conversion by the injured party of the highest market value of the property converted, at any time between the conversion and the verdict, where he has prosecuted his action with reasonable diligence. *Held,* as matter of law, under the facts of the case, which show an unexplained delay of 11 months in commencing its action, that plaintiff has not prosecuted its action with reasonable diligence, and cannot, therefore, recover the highest market price.

Appeal from District Court, Cass County; *Pollock,* J.

Action by the First National Bank of Fargo against the Minneapolis & Northern Elevator Company. Judgment for plaintiff. Defendants appeals.

Reversed.

*Ball, Watson & Maclay,* for appellant.

The statute giving the highest market price between the date of the conversion and the verdict, Subd. 2, § 5000, Rev. Codes, does not apply under the facts proven. *Pickert* v. *Rugg,* 1 N. D. 230, 46 N. W. Rep. 446. The Court having directed a verdict, everything which the jury might reasonably infer from the evidence is to be considered as admitted. *Bank* v. *Smith,* 11 Wheat. 171; *Cameron* v. *Railway Co.,* 8 N. D. 124, 77 N. W. Rep. 1016; *McRae* v. *Bank,* 6 N. D. 353, 70 N. W. Rep. 813. The evidence received together with defendant's offer of proof establishes an ostensible agency in E. C. Eddy, under whose direction the purchase was made by defendant. *Quinn* v. *Dresbach,* 75 Cal. 159; *Reed* v. *Kellogg,* 67 N. W. Rep. 687; *Wilson* v. *Fones,* 68 N. W. Rep.

588; *Thompson* v. *Shelton,* 68 N. W. Rep. 1055; *Claflin* v. *Lenheim,* 66 N. Y. 301; *Columbia Co.* v. *Bank,* 53 N. W. Rep. 1061; *Tier* v. *Lampson,* 82 Am. Dec. 637, n.; Mechem, Agency, § 224; 1 Am. & Eng. Enc. L. (2d Ed.) 961-1220.

*Newman, Spalding & Stambaugh,* for respondent.

YOUNG, J. The only question for consideration upon this appeal relates to the proper measure of damages in actions for conversion. Plaintiff sues to recover the value of a quantity of wheat alleged to have been converted by the defendant, and upon which it had a mortgage. It is agreed that the quantity involved is 604 bushels, and there is no dispute as to its being covered by plaintiff's mortgage. At the trial, over defendant's objection, the plaintiff was permitted to prove the highest market price between the date of the alleged conversion and the trial. The defendant made an offer of evidence to show the market value at the date of the conversion. This was rejected by the court, and at the close of the case, upon plaintiff's motion, a verdict was directed in its favor for the highest market price, which was $1.42 per bushel. The appeal is from the order directing the verdict. Other errors are assigned, but inasmuch as we must hold that the measure of damages adopted by the trial court is erroneous, and is fatal to the order appealed from, and a new trial must be had, they will not be discussed.

The measure of plaintiff's recovery is fixed by section 5000, Rev. Codes, at "(1) the value of the property at the time of the conversion with interest from that time; or (2) when the action has been prosecuted with reasonable diligence, the highest market value of the property at any time between the conversion and the verdict, without interest, at the option of the injured party." It is at once apparent that plaintiff's right to the highest market price is entirely dependent upon the question whether or not it has prosecuted the action with such reasonable diligence as is contemplated in the foregoing statute. This section of the statute, which was formerly section 4603 of the Compiled Laws, was construed by the Court in *Pickert v. Rugg,* 1 N. D. 230, 46 N. W. Rep. 446, and applied to a state of facts almost identical with those in the case at bar. In that case, as in this, the facts as to the diligence used were undisputed, and the question of the measure of damages was therefore purely one of law. It was there held that the plaintiff, who had delayed commencing his action for 11 months after the conversion, had not exercised reasonable diligence, and could not, therefore, recover the highest market price. Here the alleged conversion occurred between August and November, 1896, and the action was begun August 18, 1897, there being approximately the same delay as in the Pickert case. The case was tried in May, 1898. No point is made, however, upon the fact that the case was not sooner brought to trial. The question of reasonable diligence is made to rest entirely upon the time the action was commenced. No reason is advanced, and we think none can be, why the ruling

in *Pickert* v. *Rugg,* supra, should not be followed. Our conclusion is, therefore, that the Court erred in permitting the plaintiff to recover the highest market price. The order of the District Court is reversed, and a new trial granted. All concur.