(84 N. W. Rep. 556.)

---

ALBERT BIDGOOD *vs.* MONARCH ELEVATOR COMPANY.

Opinion filed November 21, 1900.

**Mortgage of Crop to be Grown in the Future.**

> A mortgage of personal property not then owned by the mortgagor will not attach to such property as a lien thereon until the mortgagor acquires some title or interest therein.

**Mortgage of Tenant Attaches on Division of the Grain.**

> A mortgage was executed by a tenant upon a portion of a crop that he expected thereafter to raise under a lease which declared that the entire title and right of possession of said crop should remain in the landlord, and the tenant could acquire no right, title or interest until the crop was divided by the landlord, and the portion to which the tenant was entitled under the lease delivered to him. The specific grain raised was never divided, but was delivered to an elevator for general storage, and subsequently the parties agreed upon their respective shares, and general storage checks were delivered by the elevator to each party for the number of bushels to which he was entitled. *Held,* that the tenant never acquired any interest in the specific grain raised to which the mortgage lien could attach.

Appeal from District Court, Richland County; *Lauder*, J.

Action by Albert Bidgood against the Monarch Elevator Company. Judgment for plaintiff. The Monarch Elevator Company appeals.

Reversed.

*W. E. Purcell,* for appellant.

It was error to permit the mortgagor to testify over objection that the chattel mortgage was signed by him in the presence of the witnesses mentioned on the mortgage. *Keith* v. *Haggart,* 2 N. D. 18; *Donovan* v. *Elev. Co.,* 8 N. D. 585. The evidence disclosed that the grain was put in general storage without any division, and with the knowledge and consent of plaintiff a storage ticket issued therefor. It was therefore error to permit the mortgagor to testify to a division of the grain. *George* v. *Triplett,* 5 N. D. 50. Under the contract in evidence the title to all the grain raised upon the land described in the chattel mortgage was in the land owner and not in the mortgagor. *Angell* v. *Egger,* 6 N. D. 391; *Whithed* v. *Elev. Co.,* 9 N. D. 224, 83 N. W. Rep. 238; *Plano Mfg. Co.* v. *Jones,* 8 N. D. 315; *Best* v. *Muir,* 8 N. D. 44. Plaintiff waived his mortgage lien by placing the wheat in defendant's elevator in general storage, —he himself caused it to be mixed with the general mass of grain. *Sanford* v. *Elev. Co.,* 2 N. D. 6; *Best Brewing Co.* v. *Pillsbury,* 5 Dak. 62; *Nor. Dak. Elev. Co.* v. *Clark,* 3 N. D. 26. Conversion of mortgaged property by the mortgagee extinguishes the lien. *Everett* v. *Buchanan,* 2 Dak. 249. The defense of waiver raised a question of fact for the jury. *Warnken* v. *Chisholm,* 8 N. D. 243; *Peterson* v. *Elev. Co.,* 9 N. D. 55, 81 N. W. Rep. 59.

*Freerks & Freerks,* for respondent.

The description of the property mortgaged was sufficient. *Coughran* v. *Sundback,* 70 N. W. Rep. 644; *Advance Thresher Co.* v. *Schmidt,* 70 N. W. Rep. 646; *Union Nat. Bank* v. *Oium,* 3 N. D. 193, 54 N. W. Rep. 1034; *Strolberg* v. *Brandenbury,* 39 Minn. 348; *Wells* v. *Wilcox,* 68 Ia. 708; *Wheeler* v. *Becker,* 68 Ia. 723; *Knapp, Stout & Co.* v. *Deitz,* 24 N. W. Rep. 471; *Schaffer* v. *Pickrell,* 22 Kan. 431. It was not necessary to prove that the chattel mortgage was signed in the presence of two witnesses. An instrument or contract made by statute may be proved in the same manner as one having no subscribing witnesses whatever. § 3888a, Rev. Codes. The record does not show anything from which a waiver of the plaintiff of his mortgage lien can be inferred, nor does it show that the plaintiff ever intended to do so.

BARTHOLOMEW, C. J. This is a contest wherein the plaintiff, claiming as mortgagee, seeks to recover from the defendant damages for the conversion of certain wheat. A trial to a jury resulted in a directed verdict for plaintiff. A new trial was denied, and defendant appeals from the judgment.

Among the numerous errors assigned we shall notice but one, and that relates to the ruling of the court in directing a verdict for plaintiff. This ruling must be reversed, because we are clear that under the evidence, as it now stands, it does not appear that plaintiff's mortgage ever attached. The mortgage was given to plaintiff by one A. C. Weldon to secure a promissory note, both note and

mortgage bearing date April 7, 1899. The mortgage purported to cover "one-half of crop sown and grown on the W. ½ of N. E. ¼ of Sec. 17, T. 132, R. 48, for the year 1899." The mortgagor, Weldon, was in possession of said land by virtue of a contract of lease theretofore entered into with the owner of said land. This contract was introduced into evidence. It is long, and specific in its provisions. Its substance is, in effect, that the tenant, the party of the second part, shall raise the crop entirely at his own expense, and shall perform certain covenants in the lease contained. In case of failure to perform, the first party may perform and retain sufficient of the crop to reimburse himself, but ultimately the first party (the landlord) is to deliver so much of the crop to second party as will, with amounts retained for expenses incurred, give the second party (the tenant) the benefit of two-thirds of the crop grown; and the lease declares that "until such delivery the absolute title of all the grain raised upon said premises shall be and remain in the party of the first part, and the said party of the second part acquires no right, title, or interest therein." The tenant raised a crop upon the land in the year 1899. This court has held that under such a contract the title and right of possession of the crop were in the landlord, and remained in him until divided as provided in the lease, and that, if the tenant took possession of the crop, or any part thereof, before such division, the landlord could maintain replevin therefor. *Angell* v. *Egger,* 6 N. D. 391, 71 N. W. Rep. 547; *Whithed* v. *Elev. Co.,* 9 N. D. 224, 83 N. W. Rep. 238. When the crop in question in this case was threshed, it was hauled, without division, to the elevator of the defendant, and placed in general storage. At that time the landlord had full title to and control of the entire crop. He was present when it was so delivered, and the tenant was also present, and the mortgagee, who was in the employ of the tenant, was also present, and hauled and delivered a portion of the crop; and all these parties knew the grain was being delivered for general storage. After the wheat was all so delivered, the landlord and tenant agreed upon their respective shares thereof, and the agent in charge of the elevator was requested to issue a storage check to each party for the number of bushels to which he was entitled. This was done. These tickets were general storage tickets. They did not entitle the holder to a return of the identical wheat delivered, but only to an equal number of bushels of the same quality and grade of wheat. The wheat represented by the ticket delivered to the tenant was subsequently sold, and the mortgagee received no part of the proceeds. He now seeks to recover from the elevator company as for conversion of the wheat upon which the mortgage was given. He claims that the defendant had constructive notice of his mortgage by reason of the fact that it was on record in the proper office, and also that he gave the elevator agent actual notice thereof before the first load of said wheat was delivered. The sufficiency of these notices is questioned, but, in our view, the question is entirely

immaterial. If plaintiff in fact had no mortgage, or, rather, if the lien of his paper mortgage had not attached when the grain was delivered, then defendant might receive it regardless of any claim of mortgage lien made by plaintiff. Section 4680, Rev. Codes, reads as follows: "An agreement may be made to create a lien upon property not yet acquired by the party agreeing to give the lien, or not yet in existence. In such case the lien agreed for attaches from the time when the party agreeing to give it acquires an interest in the thing to the extent of such interest." By the express terms of the lease under which this crop was raised the tenant (the mortgagor) could "acquire no right, title, or interest therein" until a division was made. Hence plaintiff had no lien when the grain was delivered to the defendant. If any lien under the mortgage ever attached, it could attach only to the one-half of the specific wheat grown upon the land described in the mortgage. It could not attach to other wheat which the mortgagor might be entitled to demand of the defendant upon his storage ticket. The lien of a mortgage cannot thus shift from one piece of property to another. See *Best* v. *Muir*, 8 N. D. 44-48, 77 N. W. Rep. 95. So far as plaintiff is concerned, his rights are not different from what they would be had the mortgage upon the one-half of the crop grown upon the land specified been executed and delivered to him after the grain had been delivered to the defendant, and indistinguishably mixed with other wheat, and storage tickets issued therefor to the mortgagor. In that case the mortgage lien could not attach to the specific wheat for two reasons: First, it could not be identified or separated; and, second, the mortgagor at that time had no interest in that specific grain. He had only the right to demand of defendant a certain number of bushels of wheat of a certain kind and grade. The mortgage could not attach to that right. We are clear that on the evidence as it now stands it is not shown that the mortgage ever attached. The judgment of the District Court is reversed, and a new trial ordered. Reversed. All concur.

(84 N. W. Rep. 561.)

---

## NOTE.

Actions for trover and conversion in North and South Dakota have grown largely from the purchase and sale of annual crops subject to chattel mortgage, seed lien, or thresher's lien.

WHO MAY MAINTAIN TROVER.

The mortgagee of a growing crop can maintain trover for its conversion after the crop is harvested, threshed and hauled to market, if his mortgage is duly filed. Nichols v. Barnes; 3 Dak. 148; Underwood v. Elev. Co., 6 N. D. 274; Gull River Lumber Co. v. Elev. Co., 6 N. D. 276; Hostetter v. Brooks Elev. Co., 4 N. D. 357; Grand Forks Nat. Bank v. Elev. Co., 6 Dak. 367; Bank v. Mann, 2 N. D. 456; Donovan v. Elev. Co., 7 N. D. 513. The owner of a threshing rig may mortgage its future earnings and maintain conversion against one who, with actual or constructive notice, appropriates the same.

Sykes v. Hannawalt, 5 N. D. 335. And this, notwithstanding the title to mortgaged chattels, does not pass to the mortgagee until a foreclosure has been completed. Sanford v. Elev. Co., 2 N. D. 6; Everett v. Buchanan, 2 Dak. 249. Trover will lie against one holding the property of another, claiming to do so until a debt due him by the other is paid. Taylor v. Jones, 3 N. D. 235. Where a chattel mortgage described the crops to be grown on certain described lands for and during the years 1888, 1889 and for each and every succeeding year, until the debt secured is fully paid, the description was held sufficient for the mortgagee to maintain trover thereon for the conversion of the crops raised in 1900. Merchants Nat. Bank v. Mann, 2 N. D. 456. By statute contract liens for crops, except for rent or purchase price, are only good on the next succeeding crop. Sec. 4631, Rev. Codes. To maintain trover the chattel mortgagee must see to it that the description of the property is sufficient to impart notice to a purchaser when the same is filed. A description of the land in a chattel mortgage as N. E. 4, S. 6, T. 102, R. 48, is sufficient. Coughran v. Sundback, 9 S. D. 483; Advance Thresher Co. v. Schmidt, 9 S. D. 489. Although such a description in an assessment roll is insufficient. Power v. Bowdle, 3 N. D. 107; Powers v. Larabee, 2 N. D. 141. Where property was described as situated in a certain township and range, without mentioning the county or state within which such section and property were located, but the mortgage was filed in the proper county, the description was held sufficient as against an attaching creditor. Union Nat. Bank v. Oium, 3 N. D. 193. For further cases upon the insufficiency of description of property in chattel mortgages, see Russell & Co. v. Amundson, 4 N. D. 118; Wilson v. Rustad, 7 N. D. 330. The question of sufficiency of description in a chattel mortgage is one of law for the court. Wilson v. Rustad, 7 N. D. 330. A mortgage to secure future advances is good. Union Nat. Bank v. Moline M. & S. Co., 7 N. D. 201. Where property was described in a chattel mortgage, which it was not the intention of the parties should appear therein, and under such circumstances as to show fraud or mistake, held that he mortgagee could not recover in conversion. Plano Mfg. Co. v. Daley, 6 N. D. 330. A mortgagee may sue in conversion before the maturity of his debt secured by mortgage, where the mortgagor has sold the crop subject to the mortgage lien. Ellestad v. Elev. Co., 6 N. D. 88. The holder of an inferior lien does not give notice to the holder of a prior mortgage by the filing of his lien. He must bring home knowledge to the owner of the first mortgage if he would defeat the right of the holder of the first mortgage to claim priority as to advances made after the later lien has attached. Union Nat. Bank v. Moline M. & S. Co., 7 N. D. 201. The holder of a first mortgage may, by negligence, lose his priority of lien as against a subsequent lienholder. Union Nat. Bank v. Moline M. & S. Co., 7 N. D. 201. And by authorizing the mortgagor to sell mortgaged property the mortgagee waives his lien and cannot thereafter sue a purchaser of such property for its conversion. Peterson v. Elev. Co., 9 N. D. 55; New England Mortg. Security Co. v. Elev. Co., 6 N. D. 407; Seymour v. Cargill Elev. Co., 6 N. D. 444; Scheinber v Elev. Co., 9 N. D. 113. A chattel mortgage does not confer title or transfer an absolute right of possession upon the mortgagee upon condition broken, and trover cannot be maintained until default, and until demand for possession by the mortgagee. Jones v. Wilson, 8 N. D. 186. A second mortgagee may maintain an action against the first mortgagee for conversion of personal property covered by both mortgages. Clendenning v. Hawk, 8 N. D. 419. But a mortgagee of grain cannot recover in conversion against the holder of warehouse receipts, issued for the grain covered by chattel mortgage, when the grain has been delivered into a warehouse and mixed with other grain of the same grade and the warehouse receipts call for a like amount, kind and grade of grain with that deposited. Plano Mfg. Co. v. Jones, 8 N. D. 315; Towne v. Elev. Co., 8 N. D. 200; Omlie v. Farmers State Bank, 8 N. D. 570; Best v. Muir, 8 N. D. 44; Best v. Barrett, 8 N. D. 49. A tenant's contract stipulated

the title, ownership and possesion of crops to be in the landlord until division. The tenant's mortgage, thereafter given on crops to be grown upon ths leased land, did not give sufficient property to the mortgagee to entitle it to maintain conversion before division between the landlord and tenant. Savings Bank v. Canfield, 12 S. D. 330. One not the owner of property or entitled to its possession at the time of suit brought cannot recover for its possession. Omlie v. Farmers State Bank, 8 N. D. 570. Personal property owned by its vendor, in Manitoba, under conditional sale notes reserving title, was brought into this state without the knowledge or consent of the vendor, *held*, that conversion was maintainable by the owner of the notes, and that the question of waiver was for the jury. Warnken v. Langdon Merc. Co., 8 N. D. 243. A chattel mortgage without witnesses is good between the parties and as against purchasers of the mortgaged property with notice of it. Hence, the mortgagee can maintain conversion against one removing or destroying the property with knowledge of the mortgage. Fisher v. Porter, 11 S. D. 311. The holder of a seed lien had, before the enactment of Sec. 4845, Rev. Codes, no right to take possession of the property covered by the lien, even after default, and could not maintain an action for conversion on refusal by the holder of the property to deliver the same on demand. Black v. Elev. Co., 7 N. D. 129; Welter v. Jacobson, 7 N. D. 32. So, where mortgaged chattels were wrongfully seized under execution, the right to recover for the conversion was unaffected by the fact that the mortgagor had other property covered by the mortgage sufficient to pay the debt. Coughran v. Sundback, 9 S. D. 483. The mortgagee in a mortgage given and filed in another state may follow the property into this state and recover against the purchaser of it without first filing his mortgage here. Wilson v. Rustad, 7 N. D. 330. A tenant in common may maintain the action against his co-tenant. Wood v. Steinau, 9 S. D. 110.

## WHAT AMOUNTS TO CONVERSION.

A sale of property by an agent to himself, followed by a claim of ownership, is a conversion of the property. Anderson v. Bank, 5 N. D. 80, 451. The owner of the property so long as he can identify it may follow it as against a wrong-doer. But when the property is converted into money and loaned to a third person it cannot be followed or the third person held for conversion. Seybold v. Bank, 5 N. D. 460. The action will lie against one claiming to hold property until a debt owing him by the owner is paid. Taylor v. Jones, 3 N. D. 235. Mingling mortgaged grain in an elevator with other grain of the same kind is a conversion. Best Brewing Co. v. Pillsbury, 5 Dak. 62; North Dakota Elev. Co. v. Clark, 3 N. D. 26; Wagoner v. Olson, 3 N. D. 69. Not so, however, where the mingling is with the consent of the mortgagor. Bigwood v. Elev. Co., 84 N. W. Rep. 561; New England M. S. Co. v. Elev. Co., 6 N. D. 407. The sale of property covered by mortgage at private sale, in satisfaction of claim secured thereby, is a conversion of the property and extinguishes the lien of the mortgage. Lovejoy v. Bank, 5 N. D. 623; Everett v. Buchanan, 2 Dak. 249.

## PLEADING.

For form of complaint held sufficient in action of conversion, see Humpfner v. Osborne & Co., 2 S. D. 310, 314; First Nat. Bank v. North, 2 S. D. 480; Holdridge v. Lee, 3 S. D. 134; Lloyd v. Powers, 4 Dak. 62; Donovan v. Elev. Co., 7 N. D. 513. For complaint in conversion by sheriff against his deputy. Lynn v. Jackson, 5 N. D. 46. For conversion of crop by mortgagee against purchaser from mortgagor. Perry v. Beaupre, 6 Dak. 49; Best Brewing Co. v. Elev. Co., 5 Dak. 46; Donovan v. Elev. Co., 7 N. D. 513. In determining the sufficiency of the complaint the averments therein can alone be considered. A complaint which does not state a cause of action by its averments, without reference to its exhibits, is bad upon

demurrer. Aultman & Co. v. Siglinger, 2 S. D. 446; Lumber Co. v. Fitch, 3 S. D. 217; Wright v. Sherman, 3 S. D. 290; Donovan v. Elevator Co., 7 N. D. 513. This rule has been changed in South Dakota, later cases overruling the earlier, and it is now held in that state, that exhibits will be considered in determining the sufficiency of the complaint. First Nat. Bank v. Ins. Co., 6 S. D. 424; Cranmer v. Kohn, 11 S. D. 245. Pleadings are construed most strongly against the pleader. Nation v. Cameron, 2 Dak. 347. A chattel mortgagee suing in conversion must allege a default in payment of the note secured, or a breach of some condition of his mortgage, else no right of possession is shown. Madison Nat. Bank v. Farmer, 5 Dak. 285. A mortgagee of an unplanted crop must aver and prove that the mortgagor planted and grew the crops, or that they were produced by agencies set in motion by the mortgagor. Donovoan v. Elev. Co., 7 N. D. 513. It is not necessary to aver that defendant had notice, either actual or constructive, of the mortgage. Donovoan v. Elev. Co., 7 N. D. 513. If plaintiff desires to claim the highest market value between conversion and verdict he must ask for it in his complaint. Thompson v. Schaetzel, 6 Dak. 284; Rosum v. Hodges, 1 S. D. 308. Where plaintiff's claim is based upon a thresher's lien, he must aver facts disclosing a full compliance with the statute, through which alone a lien can be acquired. Parker v. Bank, 3 N. D. 88. An averment that plaintiff did the business of running and operating a threshing machine is insufficient. Such averment is not equivalent to an allegation that plaintiff owned and operated a threshing machine. Parker v. Bank, 3 N. D. 89. The complaint should aver that the statement for lien contained a description of the land on which the grain was grown. Parker v. Bank, 3 N. D. 89; Lavin v. Bradley, 1 N. D. 291. Where the right of recovery is predicated on a seed lien, the complaint must allege that the seed was sown on land owned, used, occupied or rented by the purchaser of the seed. Joslyn v. McMahon, 2 N. D. 53. And that a description of the land was contained in the account in writing, filed. Lavin v. Bradley, 1 N. D. 241. An allegation in a complaint for conversion, based upon a thresher's lien, that "for the purpose of securing his pay for said threshing, and for the purpose of perfecting a lien on the grain so threshed, he caused to be made an itemized statement of his account for such threshing, containing his bill therefor, and for making oath there to," etc., is sufficient. Parker v. Bank, 3 N. D. 88. Plaintiff must allege and prove that he owned and operated the machine with which the threshing was done, and the lien statement as filed must contain a correct description of the land whereon the grain, upon which the lien is claimed, was grown. Parker v. Bank, 3 N. D. 87; Martin v. Hawthorne, 3 N. D. 412; Anderson v. Alseth, 6 S. D. 571. A lien statement cannot be amended. Lavin v. Bradley, 1 N. D. 291. The statute giving threshers' liens gives no right of possession until the right of foreclosure is complete. A complaint based upon a thresher's lien must allege that the credit extended to the party, for whom the threshing was done, has expired, or that the account is due. Parker v. Bank, 3 N. D. 90. An answer that defendant has not sufficient knowledge or information to form a belief as to the matters averred in the complaint is sufficient to put plaintiff on proof. Kelly v. Beaupre, 6 Dak. 49; Sanford v. Elev. Co., 2 N. D. 6; Van Dyke v. Doherty, 6 N. D. 263; Northwestern Cordage Co. v. Galbraith, 9 S. D. 634; Russell & Co. v. Amundson, 4 N. D. 112; Cumins v. Lawrence Co., 1 S. D. 158, 2 S. D. 452. A denial upon information and belief that a chattel mortgage, thresher's lien, or seed lien is on file in the office of the register of deeds, will not be sufficient. With means of positive information open before him, a party is not permitted to say that he has no knowledge or information sufficient to form a belief. Van Dyke v. Doherty, 6 N. D. 263; Russell & Co. v. Amundson, 4 N. D. 117. For necessary averments in a complaint against a sheriff for conversion of debtor's exemptions, see Holdridge v. Lee, 3 S. D. 134.

EVIDENCE.

A chattel mortgagee or lienee suing must show the identity of the property described in the mortgage, or lien statement, with that which came

to defendant's possession and which defendant is charged with having converted. Russell & Co. v. Amundson, 4 N. D. 112; Martin v. Hawthorne, 5 N. D. 66. He must prove default in payment of the note secured or a breach of some condition of his mortage. Madison Nat. Bank v. Farmer, 5 Dak. 285. If the action is by the owner of a seed lien, or thresher's lien, plaintiff must show that the grain was grown or threshed, in fact, upon the land described in the statement on file. Martin v. Hawthorne, 3 N. D. 403. And when he claims for threshing must prove that he owned and operated the machine with which the threshing was done, and that the lien statement filed correctly describes the land on which the grain was grown. Parker v. Bank, 3 N. D. 87; Anderson v. Alseth, 6 S. D. 571; Martin v. Hawthorne, 3 N. D. 412. He must also prove that the credit extended to the party for which the threshing was done has expired; that the account is due. Parker v. Bank, 3 N. D. 90. Where the evidence disclosed a sale of the wheat to an elevator company, the issuance of wheat tickets for it, and subsequently the purchase of the tickets by the elevator company, but where there was no evidence that the wheat was mixed with other wheat or shipped out or sold, in an action by the mortgagee it was held that no conversion was proven in the absence of demand and refusal before suit. Sanford v. Elev. Co., 2 N. D. 6; James v. Wilson, 8 N. D. 186; Towne v. Elev. Co., 8 N. D. 200. Otherwise, if evidence disclosed that wheat was mixed in elevator or shipped out of the state without the mortgagee's consent. Best Brewing Co. v. Elev. Co., 5 Dak. 62. Or that demand would be perfunctory and fruitless. Consolidated L. & I. Co. v. Hawley, 7 S. D. 229; Myrick v. Bill; 3 Dak. 284; Citizens Bank v. Elev. Co., 82 N. W. Rep. 186; Gjemzey v. Tuthil, 82 N. W. Rep. 190. If plaintiff alleges ownership, or defendant claims title in himself, no proof of demand is necessary; or, if the uncontradicted evidence shows a conversion. Sanford v. Elev. Co., 2 N. D. 6; Rosum v. Hodges, 3 S. D. 308. Plaintiff claiming under chattel mortgage must prove that his mortgage was executed by the mortgagor in the presence of the two witnesses who signed the same as witnesses thereto. Lander v. Proper, 6 Dak. 64; Keith v. Haggart, 2 N. D. 21; Wood v. Lee, 4 S. D. 495. The burden of proof is on the defendant in conversion to show circumstances in mitigation of damages. Stone v. Ry. Co., 8 S. D. 1; Holt v. Van Eps, 1 Dak. 198. Defendant may show that plaintiff has not been damaged by the act of conversion, or that his damages were merely nominal. Stone v. Ry. Co., 3 S. D. 330. Thus in suit for conversion of a certificate of deposit defendant was permitted to show insolvency of the bank issuing the certificate in reduction of damages. Holt v. Van Eps, 1 Dak. 198; First Nat. Bank v. Dickson, 5 Dak. 286. The lien claimant must prove notice of his claim, either actual or constructive, was brought home to the defendant. Sykes v. Hannawalt, 5 N. D. 335. That he was in possession or entitled to the immediate possession of the property at the time of the conversion. Parker v. Bank, 3 N. D. 87; Sandager v. Elev. Co., 2 N. D. 3. Also a general or special ownership in the property. Clendenning v. Hawk, 8 N. D. 419. Also the value of the property converted. Keith v. Haggart, 2 N. D. 218; Sanford v. Elev. Co., 2 N. D. 6. It is not proper evidence of value for a witness to testify from memoranda in a day book kept by an employe, whose duty it was to register the market values from day to day, but where the witness neither made the memoranda nor had personal knowledge of the values. Keith v. Haggart, 2 N. D. 18. A purchaser of mortgaged chattels has a right to assume that in selling the mortgagor is not committing a felony; the title will pass to the purchaser subject to the mortgage lien. Sanford v. Elev. Co., 2 N. D. 6. Contents of stubs of grain tickets, made by an elevator agent at the time the grain was received, may be proven where the original entries were destroyed. Kelly v. Elev. Co., 7 N. D. 343. The lienholder must show loss of his lien or impairment of his security. Union Nat. Bank v. Moline M. & S. Co., 7 N. D. 201. A chattel mortgage witnessed by the mortgagor as one of two witnesses is not entitled to be filed, and the filing thereof is not constructive notice of its contents. Donovan v. Elev. Co., 8 N. D. 585.

Contra, Fisher v. Porter, 11 S. D. 311. Value of the property at the date of conversion must be shown. Towne v. Elev. Co., 8 N. D. 200. Mere evidence of shipment of the property out of the state, is not sufficient evidence of conversion against an innocent bailee. Towne v. Elev. Co., 8 N. D. 200. Refusal by a warehouseman to return grain stored on demand is prima facie evidence of conversion of the grain. Marshall v. Andrews & Gage, 8 N. D. 364. The law presumes, in the absence of evidence to the contrary, that a chattel mortgage was delivered on the day of its date. Schweinber v. Elev. Co., 9 N. D. 113. Parol evidence is admissible to show that an instrument in form a lease was intended as a mortgage only, and a conversion of the crops by one having notice of a prior lien thereon, and buying with notice thereof. Meyer v. Elev. Co., 12 S. Dak. 172. Evidence that the mortgagor of personal property sold a portion of the property mortgaged, with the knowledge and consent of the mortgagee, and applied the proceeds to his own use, does not per se render the mortgage void as to creditors. First Nat. Bank v. Calkins, 12 S. D. 411. The amount appearing to be due upon a note is presumed to be its value in the absence of evidence to the contrary. Wyley v. Grigsby 11 S. D. 491. No demand for payment of a note secured by chattel mortgage is necessary before bringing suit for conversion of chattels described in the mortgage. Acme Harvester Co. v. Butterfield, 12 S. D. 91. An inferior lienholder suing a first mortgagee for conversion must prove actual knowledge by the first mortgagee of the existence of the inferior lienholder's claim to defeat the right of the first mortgagee to claim priority as to advances made after the later lien has attached. Union Nat. Bank v. Moline M. & S. Co., 7 N. D. 201. A chattel mortgagee suing a purchaser of mortgaged chattels for conversion, must prove the execution and filing of the chattel mortgage, the sale and conversion of the property mortgaged, the value of the property, and a demand and refusal to return. Underwood v. Atlantic Elev. Co., 6 N. D. 274; Seymour v. Elev. Co., 6 N. D. 444. A demand upon the agent in charge of an elevator wherein the grain, the subject of controversy, was stored at the time of demand, is sufficient. Seymour v. Elev. Co., 6 N. D. 444. Declarations of an elevator agent as to why he refused to pay for wheat received by him into the elevator are competent as part of the res gestae. Benjamin v. Elev. Co., 6 N. D. 254. The holder of a mortgage may introduce parol evidence to help out a defective description of the property mortgaged and to identify the property as that covered by his lien. Union Nat. Bank v. Oium, 3 N. D. 193; Russell & Co. v. Amundson, 4 N. D. 113. When the description of the property in a mortgage is good as between the parties no one can question its sufficiency but one claiming the protection of the statute requiring chattel mortgages to be filed. Wilson v. Rustad, 7 N. D. 330. The subscribing witnesses to a chattel mortgage should be called to prove its execution when the fact of its execution is denied by the answer. Brynjolfson v. Elev. Co., 6 N. D. 450. But see statutory modification of this rule. Sec. 3888a, Rev. Codes, 1899. A chattel mortgage is valid between the parties to it and as against purchasers with actual notice, even if unwitnessed, and will sustain an action for conversion against one removing or destroying the property mortgaged with notice of the mortgage. Fisher v. Porter, 11 S. D. 311. Property is presumed to be in the county where the mortgage is filed. Felker v. Grant, 10 S. D. 141. The burden is on one claiming under an unfiled chattel mortgage, to show that the purchaser took with notice. LaCrosse, etc., Co. v. Anderson, 9 S. D. 560. Allowing mortgaged property to be taken to another state, where it was again mortgaged, held a waiver of the prior lien. Carroll v. Nesbit, 9 S. D. 497. Declarations of an agent, made subsequent to the transaction when mortgaged wheat was received by him into the elevator, are not competent as against his principal. Benjamin v. Elev. Co., 6 N. D. 254. Evidence must clearly establish a conversion by the defendant, else a verdict can not be sustained against him by the mortgagee. McArthur v. Dryden. 6 N. D. 438; Gull River Lumber Co. v. Osborne McMillan Elev. Co., 6 N. D. 276.

DAMAGES.

A delay of eleven months is not such reasonable diligence as will entitle plaintiff to recover the highest market value between conversion and verdict. Pickert v. Rugg, 1 N. D. 230; First Nat. Bank v. Elev. Co., 8 N. D. 430. The reasonable diligence required in a suit relates both to the commencement of the action and the subsequent prosecution of it. First Nat. Bank v. Red River Valley Nat. Bank, 9 N. D. 319. Whether action was brought and prosecuted with diligence, is a question of law. First Nat. Bank v. Red River Valley Nat. Bank, 9 N. D. 319. Where the action for conversion was begun on the day of conversion, but not tried for two years after the suit was begun, and where there was nothing in the record to show that plaintiff was responsible for the delay, a verdict for the highest market price of grain between the date of conversion and the verdict was sustained, notwithstanding an extraordinary boom because of an attempted corner of the market intervened. First Nat. Bank v. Red. River Valley Nat. Bank, 9 N. D. 319. Plaintiff suing for the conversion of property subject to his lien can recover against the holder of the legal title the value of his lien only. Union Nat. Bank v. Moline M. & S. Co., 7 N. D. 219. And a second mortgagee can recover against the first mortgage the value of the property converted less the amount due on the first mortgage. DeLuce v. Root, 12 S. D. 141; Clendenning v. Hawk, 8 N. D. 419. Damages awarded are given on the theory of compensation. Lovejoy v. Bank, 5 N. D. 623; Meyer v. Elev. Co., 12 S. D. 172. Conversion takes place at the time of demand and refusal to deliver mortgaged property to the person lawfully entitled thereto; hence, the damage recoverable is the value of the property at the time of the demand. Towne v. Elev. Co., 8 N. D. 200. Where property is taken from a mortgagee in possession on process against the mortgagor, the mortgagee may recover expenses, in addition to the amount of the debt and interest, from the wrong-doer. Lander v. Propper, 6 Dak. 64. The usual measure of damage is the value of the property with interest from the date of conversion. Thompson v. Schaetzel, 6 Dak. 284; Rosum v. Hodges, 1 S. D. 308; Holt v. Van Eps, 1 Dak. 198; Jandt v. South, 2 Dak. 86. Where a party, whose property has been wrongfully taken by an officer and sold at judicial sale, bought in the property at such sale, his measure of damage in conversion was the sum it cost him to regain possession with interest from the time of payment, and damages for detention. Northrup v. Cross, 2 N. D. 439. Choses in action are presumed to be worth the amount of principal and interest indicated on the face of the instrument at the time of the conversion, with legal interest thence to the trial. Holt v. Van Eps, 1 Dak. 189. It is competent for the defendant to show that plaintiff has not been damaged by the conversion, or that his damages were merely nominal. Stone v. Ry. Co., 3 S. D. 330; Holt v. Van Eps, 1 Dak. 198; First Nat. Bank v. Dickson, 5 Dak. 286. It is no defense to an action for conversion of seed grain that the lienee took other security for his debt, unless the security taken or credit extended is such as to evidence an intent to waive the lien and rely exclusively on the security given. Joslyn v. Schmidt, 2 N. D. 53. In conversion, the judgment is for damages and not in the alternative, as in claim and delivery. Northrup v. Cross, 2 N. D. 433.